James Kent *vs.* Thomas T. Somervell.—*December*, 1835.

S the holder and obligee of a single bill of T, bequeathed the same, *speci-fically* to A, and made T, the obligor, his executor; upon the demise of S, T assented to this legacy, and delivered the single bill to A, who by assignment in writing, transferred it and all her interest in it, to J, who assigned it in writing to K. In an action of *debt* against T, as obligor, by K, *held* upon demurrer, to the declaration making the above case, that K was entitled to recover.

It is a general rule that an action at law will not lie against an executor to recover a *pecuniary* legacy payable out of the general funds of the testator, upon the mere assent of the executor to the bequest; and the distinction is between that and a specific legacy, which upon the assent of the executor vests in the legatee, and is then governed by the principles of the common law relating to chattels.

In the case of a specific legacy, when upon the assent of the executor, the interest has vested at law in the legatee—if there be a deficiency of assets, Chancery treating the legatee as a trustee for creditors, will interpose to reach the property in his hands, and compel him to refund, or contribute in the proportion required; but this power of the court does not stand in the way of the legatee's enforcing his legal rights.

At common law, the specific legatee of a single bill, could not sue for the money due on the bill in his own name, nor in the name of the testator, he being dead, nor in the name of his executor, when the executor was the obligor. So that in such a case, although the legatee could maintain replevin, he might at last, for remedy on the bill have been forced into Chancery.

By the act of 1829, ch. 51, the rule that the assignee of a *chose in action* cannot maintain an action at law in his own name, is under certain circumstance abolished. Under that act a *bona fide* holder by assignment in writing of a chose in action for the payment of money, may maintain an action at law against the debtor.

That act does not direct that the assignment shall be by writing *on the instrument assigned.* It must be such a writing, signed by the person authorized to make it, as will be sufficient to transfer the *bona fide* title to the instrument.

A specific legatee is in by the will—a bequest by the obligee of a single bill is an inchoate transfer of the bill in writing, by the person authorized to make it, which is perfected by the assent of the executor, and is then within the act of 1829, ch. 51.

The assignee of an assignee may sue in his own name at law, under the act of 1829, ch. 151. The language of that act includes any assignment, immediate or remote; and is not confined to the case of an assignee whose assignor has died without making an executor, and on whose estate there is no administration.

When the enacting words of a statute are ambiguous, the preamble or title may be resorted to as furnishing a key to their construction.

APPEAL from *Prince George's* County court.

This was an action of *Debt* instituted by the appellant against the appellee, on the 18th of February, 1833, to recover the amount of a single bill, of which the appellee was the maker, for the sum of $1,569, dated 1st January, 1825, and payable to one *John Somervell.*

The declaration alleged, that the bill thus made, before the payment thereof, was by the obligee, specifically bequeathed by his will in writing, to *Sarah H. Somervell, Susan Somervell,* and *Ann Somervell;* and that said bequest, after the death of the testator, was assented to by his executor, the appellee, who as such executor, delivered the same to the legatees. That the said legatees afterwards, and before the payment thereof, assigned the said single bill in writing, to a certain *John Somervell,* and delivered the same to him; and that the said last named *John Somervell,* made a similar assignment and delivery thereof to the appellant, the plaintiff in the present action.

To this declaration, the defendant demurred generally, and the County Court, having sustained the demurrer, and given judgment thereon for the defendant, the plaintiff appealed to this court.

The cause was argued before BUCHANAN, Ch. J., and ARCHER, DORSEY and CHAMBERS, Judges.

PRATT and T. F. BOWIE, for the appellant, contended,

1. That the bequest of the single bill by the obligee, and the assent thereto, and delivery of it, to the legatees by the executor of the obligee; operates as an assignment in writing within the provisions of the acts of 1829, ch. 51, and 1830, ch. 165, so as to enable the legatees to sue thereon in their own name. And if the legatees might have sued in their own names, then clearly, their assignee, and the assignee of such assignee may do the same.

2. The bequest of a single bill is a specific legacy, and as such, vested in the legatees, so as to enable them to sue at law, the moment the executor gave his assent to it. 2 *Rop. on Leg.* 545. 1 *Chan. Cases* 256. 3 *East* 170. 1 *Strange* 69.

JOHN M. S. CAUSIN, for the appellee.

1. The assignee can have no better right than the legatees, who at the common law could maintain no action against the executor; and though by the law of *Maryland*, the legatee in some cases may sue the executor, it must be on his bond.

2. That if in the present case, any action lay at all, it was an action on the case founded upon the special circumstances.

3. But no action at all could be maintained at law, either by the legatees or their assignees. A suit on the *chose in action* could only have been brought by the executor himself, and he could not sue himself. The remedy of the party was in a Court of Chancery. *2nd Wms. Exr's.* 1186.

BUCHANAN, Ch. J. delivered the opinion of the court.

*John Somervell*, the obligee and holder of a bill obligatory, or single bill, for $1,569, executed to him by *Thomas T. Somervell*, bequeathed it to *Sarah H. Somervell*, *Susan Somervell*, and *Ann Somervell*, and by his will appointed *Thomas T. Somervell*, the obligor, or maker of the single bill his sole executor; who took upon himself the executorship, assented to the bequest, and delivered the bill so bequeathed to the legatees, *Sarah H. Susan*, and *Ann Somervell*. They by assignment in writing, transferred it, and all their interest in it, to *John Somervell*, and he assigned it by endorsement to *James Kent*, the plaintiff below, and appellant here, in whose name the suit was brought upon the bill, against *Thomas T. Somervell*, the maker, and the executor named in the will of *John Somervell*, but not against him in his representative capacity.

To the declaration making this case there was a demurrer, upon the hearing of which the judgment of the court below, was against the appellant. And the question presented to us

in argument on the appeal, is, whether an action at law in his own name, can be maintained upon a single bill, by the holder, under an assignment to him by the assignee of a legatee, to whom it had been specifically bequeathed by the obligee, against the maker he being the executor of the will of the obligee, and having assented to the bequest, and in pursuance of it, delivered the bill to the legatee.

It may here be proper to remark, that under the testamentary system of this *State,* 1798, ch. 101, sub. ch. 8, sec. 20, it is expressly provided, that "the bare naming of an executor in a will, shall not operate to extinguish any just claim, which the deceased had against him." Such an executor therefore being liable to some person, and in some form, for the amount due, the inquiry is, how, where the debt is due upon a specialty which has been specifically bequeathed, payment is to be enforced by the legatee, or other *bona fide* holder of such specialty, into whose hands it has come by assignment.

The general principle is, that an action at law will not lie against an executor to recover a *pecuniary* legacy payable out of the *general funds* of the testator, upon the mere assent of the executor to the bequest; on the ground, that the law has been held not to raise an implied promise by the executor to pay such a legacy, upon proof only of his admission of assets; and that in an action at law, entire justice cannot be done to the parties concerned, which a court of equity can and will do, according to circumstances. That was the character of the case of *Deeks and wife vs. Strutt,* 5 *Term. Rep.* 690, which was an action at law, founded upon an *acknowledgment only* of assets by the executor, for an annuity payable out of the *general funds* of the testator; and in which the question, whether an action at law could be maintained for a *specific* legacy assented to by the executor was not raised, nor presented to the court. It had been frequently before decided, that an action at law would lie for *such* a legacy after the *assent* of the executor to the bequest; on the principle that the interest in any specific thing bequeathed, vests at law in the legatee *by the will,* upon the *assent* of the

executor. As where the bequest is of a horse, or any specific thing; in which case, as soon as the executor *assents* to the bequest, the property vests by the will in the legatee, who may have an action at law, for the recovery of the thing bequeathed.

This principle is recognized in the cases of *Paramour vs. Yardley, Plowd.* 539. *Westwick vs. Wyer, Co. Rep. 4th part,* 28, *Young vs. Holmes,* 1 *Strange,* 70. *Duppa vs. Mayo,* 1 *Saund.* 278. *Chamberlain vs. Chamberlain,* 1 *Chan. Cases,* 256. *Baxstard vs. Stakely,* 2nd *Lev.* 209—and *Barton's case, Freem.* 289. And in the subsequent case of *Doe, on the demise of Lord Say and Sele vs. Guy,* 3 *East* 120, the same doctrine is again asserted.

That was an action of *ejectment* for leasehold premises, founded upon a bequest of the lease, to the lessor of the plaintiff, against the executor of the testatrix, he having assented to the bequest; and it was sustained by the whole court of *King's Bench. Lord Ellenborough,* in commenting upon the case of *Deeks and wife vs. Strutt,* before adverted to, which was relied upon for the defendant in that case says, "the question of a *specific legacy* assented to by the executor, was not before the court; and that general language used by the court, in giving their opinion in any case, must always be understood in reference to the subject matter then before them." And in another place he says, "according to the doctrine laid down in the cases cited of *Paramour vs. Yardly, and Young, and Holmes,* and the passage from 4*th Rep.* 28, the *assent* of the executor once given to a *specific* legacy, vests the interest at law irrevocably, and this is not broken in upon by any subsequent case."

The distinction there is between a *specific* legacy, which upon the *assent* of the executor vests in the legatee, and becomes a chattel, governable by the rules of the common law, the interest at law, being in him; and a *pecuniary* legacy *payable* out of the *general funds* of the testator, for which an action *at law* will not lie against the executor upon his *mere assent* to the bequest, or *acknowledgment of assets ;*

*the interest* not being thereby vested at law in the legatee, and the proper remedy therefore being in chancery, where the interests of all concerned may be protected.    And even in the case of a *specific* legacy, where upon the *assent* of the executor, the interest has vested at law in the legatee, if there be a deficiency of assets, chancery treating him as a trustee for the creditors, will interpose to reach the property in his hands, and compel him to refund, or contribute in the proportion required.    But the interest being vested at law in him, this power of a court of chancery, does not stand in the way of his enforcing his legal rights, by a recovery in an action *at law of the thing bequeathed*, or the value of it.

A bequest of a single bill, is a *specific* legacy, differing from no other *specific* legacy; so far at least as respects the *forum* in which a recovery is sought to be had.    A legatee therefore under such a bequest, after it has been *assented* to by the executor, may in an action of *trover* against the executor so assenting, but withholding the bill, recover the amount in damages; or he may in an action of *replevin*, against such executor, recover the single bill, the thing bequeathed, just as he may any other specific legacy; as a horse, &c.    But that would not be an adequate remedy, the recovery of the bill itself not being a recovery of the money due upon it— And as the law formerly stood, he could not sue at law, in his own name upon the bill so recovered, nor if in possession of it by delivery from the executor; nor could he sue in the name of the testator, for his use, he being dead; nor where the executor was the maker of the bill, could he sue in the name of the executor he being the debtor—so that notwith-standing the recovery of the bill itself, in an action of *replevin*, he might at last, for remedy on the bill, have been forced into chancery.    But the rule, that an assignee of a *chose in action*, cannot maintain an action at law in his own name, on the old maxim, that a *chose in action*, cannot be assigned, has been abolished by the act of 1829, ch. 51, which provides, "that any assignee, or assignees *bona fide* entitled to any judgment, bond, specialty, or other *chose in action*, for the

payment of money by assignment in writing, signed by the person, or persons authorized to make the same, may by virtue of such assignment, sue and maintain, an action, or actions, &c. in any court of law, or equity in this state, as the case may require, in his, her, or their name or names, against the obligor, or obligors, debtor, or debtors therein named," &c.—so that now, *a bona fide* holder by assignment in writing of a *chose in action*, for the payment of money, may maintain an action at law in this state, in his own name against the debtor.

That act does not direct, nor is there any thing in it requiring that the assignment shall be by writing on the instrument itself; nor does it direct what kind of writing it shall be. All that is required by it, is, that it shall be such a writing signed by the person authorized to make it, as will be sufficient to transfer the *bona fide* title to the instrument. We have seen that a bequest of a *specific* legacy assented to by the executor, vests at law, the title, or interest in the thing bequeathed in the legatee, who is then said to be *in by the will*. A bequest therefore by the obligee of a single bill, is an inchoate transfer of the bill in writing, by a person authorized to make it, which when *assented* to by the executor is made perfect, and vests at law in the legatee, the *bona fide* title, or interest in the bill. Such a bequest therefore, is such an assignment in writing, as is sufficient to gratify the act, and gives to the legatee the right to sue in his own name. It has been contended, that where the executor is himself the debtor in the bill, and the claim of the legatee is not for the bill itself, he being in possession of it, by delivery by the executor, but for the money for which it was given, and which by the law of this *State*, constitutes a part of the assets in the hands of the executor, the remedy is in chancery, and that an action at law will not lie upon the *mere assent* of the executor to the bequest. But that proposition is met by the distinction between a *specific* legacy, and a legacy payable out of the *general funds* of the testator; the former upon the *assent* of the executor vesting the interest at

law in the legatee, and thereby drawing to it, the remedy at law, as well against the executor who is himself the debtor in the bill, as against any other debtor. A bequest of a single bill, or other specialty for the payment of money, is substantially a bequest of all the testator's right and interest in the particular sum of money for which it was given ; and a separation of that particular or specific claim from the general funds, out of which it is not payable, a specific bequest of that particular claim.——Insomuch, that if it should in any way be lost to the legatee, he cannot go against the general funds for the amount, upon which he has no claim, either in law or equity. If in action of *trover* against the executor *assenting* to the bequest, but withholding the bill, the legatee can recover in damages, the amount due upon the bill, that sum to its extent furnishing the measure of damages ; why may he not recover the same sum, by a direct action on the bill itself, after delivery by the executor ?

In *Young vs. Holmes, 1st Strange,* 270, where the devise was, by a lessee for years, of the remainder of the term, the devisee recovered the premises in ejectment, upon proof of the *assent* of the executor to the devise.—So, in *Do.* on the demise of *Lord Saye and Sele vs. Guy,* 3 *East,* 120, where the bequest was of the lease, by a lessee for years, the legatee in an action of *ejectment* recovered the premises themselves, upon proof of the *assent* of the executor to the bequest. And in *Duppa vs. Mayo, 1st Saund,* 276, (*a.*) where the action was against the representative of an executor of a tenant for years, by the executor of the legatee, for the arrears of an annuity bequeathed by the testator out of the term for years, founded upon the *assent* of the executor to the legacy, there was judgment for the plaintiff. Where the bequest was of · money, an annuity, and the action was for the money, the arrears of the annuity, which if it had been payable out of the general funds of the testator, would not have been recoverable in an action at law ; but being bequeathed out of a term for years, and not payable out of the general funds, the action was sustained.

Considering then a bequest of a single bill, as a *specific* legacy, the interest in which upon the *assent* of the executor to the bequest, vests at law in the legatee, and that he, after the bill has been delivered to him by the executor, may maintain an action at law in his own name, under the act of 1829, ch. 51, whether the debtor in the bill, be the executor himself, or any other, it follows from the language of the same act; that a *bona fide* holder of the bill by assignment in writing, signed by the assignee of the legatee, under a similar assignment by him, is equally entitled to sue the debtor, in his own name, in an action at law.

The words of the act are, " that *any* assignee, or assignees, *bona fide* entitled, &c. by assignment, in writing, signed by the person or persons authorized to make the same, may sue, and maintain an action, or actions, &c. in his own name, or names, against the obligor, or obligors, debtor, or debtors, therein named," &c.

The words " any assignee," embrace any assignment immediate, or remote; and the legatee, having an interest in the legacy, vested at law in him, his assignee *bona fide* entitled by assignment in writing signed by him, he being a person authorized to make it, may by force of the words, *any assignee*, sue in his own name. And so, his assignee *bona fide* entitled by assignment in writing signed by him, he also being a person authorized to make it, may by force of the same words, and of the interest acquired by the assignment, to him, maintain an action in his own name; and whether the executor or any other be the debtor, makes no difference. The power given by that act to an assignee to sue in his own name, is an authority to sue " the debtor, or debtors," named in the *chose in action* assigned. The suit therefore, when the executor happens to be the debtor, must be against him, as such debtor. And the suit being by an assignee of that description, against an executor, as the debtor in the bill, the action was properly brought.

With respect to the act of 1829, ch. 51, on the construc-

tion of which there exists a difference of opinion, a few words will be added.

The title of the law is, "an act to authorize equitable assignees to sue in their own names,"—and the words of the preamble are, "whereas equitable assignees have frequently sustained injuries, and loss by the death of the assignors, or legal plaintiff," which are supposed to have the effect to restrict the broad words of the enacting clause, and to confine them, to the case of an assignee, whose assignor has died without making an executor, and on whose estate, there is no administration. It is admitted, that where the words of the enacting clause, are of doubtful meaning, and the mind is at a loss to discover their true construction, and to determine what it is, that they embrace, it seizes upon any thing from which assistance can be derived, and in that effort looks to the title, or preamble, (if there be one) or to both, in search of the aid it requires; by which means a key, is sometimes found, to open the door to the intention of the legislature, that otherwise would be locked up in obscurity.—In such a case, and for that purpose, the preamble, or the title has a claim to consideration.—But its office is auxiliary only, and stops there; and neither to be invoked for the purpose of restricting and controlling plain and unambiguous words in the enacting clauses or body of the law. A preamble it must be admitted sometimes mistakes, or does not fully state the whole object of the legislature; and where the words in the body of the law, taken in their plain, obvious, and natural sense as there found, embrace a subject not stated in the preamble, the preamble is not to control, and narrow them down to its own more restricted limits; but if looked to at all, is to be considered, as not stating the entire object of the legislature.—Though where the words used in the body of the law, are in themselves ambiguous, and require the aid of the preamble to give them application, it may for that purpose be resorted to.

In this case, the words of the title, are co-extensive with the words of the enacting clause, and although the preamble

recites, that equitable assignees, have frequently sustained injuries and loss, by the death of the assignor, or legal plaintiff, yet it does not declare that case to be the only subject intended to be legislated upon. And the words of the enacting clause, "any assignee, or assignees," plainly, and clearly embracing, according to their natural and ordinary meaning, any assignee, whether the assignor be dead, with, or without an executor, or administration upon his estate, they are not to be restricted to the recital in the preamble. But effect must be given to the plain words of the legislature expressed in the enacting clause, as embracing not merely the subject of the recital in the preamble, but extending beyond the recital, and embracing every other case, comprehended within their clear meaning, without resorting to the preamble, for the purpose of restricting, or controlling them; no explanation of their meaning or application being required by any ambiguity in the body of the law—And particularly when it is not perceived, that any mischief can be done, by giving effect to the words in the body of the law, according to their natural and plain meaning and import.

Upon this principle of construction, which is believed to be the correct rule, the right to sue in his own name is given by that act to any equitable assignee of a *chose in action*, whether the assignor be dead or alive : and if dead, whether there be an executor, or administrator or not.

**JUDGMENT REVERSED, AND PROCEDENDO AWARDED.**