## Elias Stine *vs.* Daniel Young, Sen'r.

Single Bill,—Assignment of: Evidence: Onus probandi.—In an action by the assignee of a single bill against the maker, the making of the note being proved, he also proved that the assignment was in the handwriting of the assignor, and that the single bill and assignment were in the possession of the plaintiff when the action was instituted.—Held :

That this proof was certainly *prima facie* evidence of the assignment and of the *bona fides* of it, without any necessity to prove when the paper containing the assignment was attached to the bill, and threw the *onus* upon the defendant to impeach it.

Appeal from the Circuit Court for Frederick county.

This was an action by the appellee as assignee of a single bill, against the appellant, the maker of said bill.

*Exception.* At the trial of this cause the plaintiff, to maintain the issue on his part, offered in evidence the single bill in question, and also an assignment of the same to Daniel Young, Senior, and proved by Daniel Miller, a competent witness, that on the 26th day of May, 1855, Daniel Young, the plaintiff, brought the single bill in question to the store of the witness, and said to him that the defendant would call there and sign it; that the defendant did, on said day, call at the witness' store, and made the mark appearing on said single bill; that said single bill was not read or explained to the defendant by any one; that the witness does not know who wrote the name "Elias Stine" to said single bill; all that was said at the time, by either the witness or the defendant, was, that the witness said to Stine, the defendant, there was a note left there by Daniel Young for him to sign, and the defendant replied, he knew all about it. The plaintiff further proved by Mahlon Roderick, a competent witness, that he knows the handwriting of Jacob Thomas from frequently having seen him write, and that the paper purporting to be an assignment of the single bill in question, is in the handwriting of Jacob Thomas.

The defendant, to maintain the issue on his part, proved

by the defendant, who was sworn as a witness, that the plaintiff came to him whilst at work in the cornfield, and told him that he had a note for him to sign to Jacob Thomas, because the old note to Jacob Thomas was out of date; that he would leave it at Miller's store where he could sign it by the time the plaintiff came back from town; that the plaintiff did not read the note or explain its contents, nor did any one else do so before the defendant made his mark to said single bill, and that the defendant cannot read or write.

Thereupon, the testimony of both sides being closed, the defendant offered the following prayer:

"The defendant prays the Court to instruct the jury, that if they shall believe from the evidence in this case, that the alleged assignment was not written or endorsed on the said single bill, or on the paper on which said single bill was written, but that said assignment was written on a separate piece of paper and attached by three wafers to said single bill, then the plaintiff is not entitled to recover, unless the jury shall find from the evidence that the said piece of paper containing the assignment in question, was attached to said single bill by the said Jacob Thomas or the plaintiff, at the time of said assignment, or by some person authorized to do so by the said Jacob, or by the plaintiff."

The Court (NELSON, J.,) refused to grant said prayer, whereupon the defendant excepted, and the verdict and judgment being for the plaintiff appealed.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and WEISEL, J.

*John Ritchie* for the appellant.

This action was instituted by the assignee of a single bill, in his own name. The right of an assignee thus to

sue, is derived solely from the Act of 1829, chapter 51. This Act provides that an assignee, to bring an action in his own name, must be *bona fide* entitled to the chose in action by assignment in writing, signed by the person authorized to make the same. The actual proprietorship of a chose in action, is to be distinguished from the right of a holder to sue in his own name.

Now while it is conceded by the appellant that an assignment in writing need not be endorsed on the chose in action, but may be made by a separate instrument, it is contended, that what purports to be an assignment must, of necessity be expressly connected with the chose assigned, either by its own specific terms of reference, or in the absence of such identifying description, by some act of an authorized person equivalent in effect. It is also contended, as connected with the foregoing proposition, that the nature and extent of the interest assigned, must be made affirmatively to appear.

Now in this case, the "alleged assignment" is not endorsed on the single bill sought to be recovered on, which would *per se* have identified the subject of assignment, and indicated and defined the interest conveyed ; but is written on a separate piece of paper, and contains no words of reference or description, in itself, by which the defendant, or any one else, would be informed that this writing related to the particular single bill in question, or what interest was sought to be assigned. Taken by itself, and unaided by any extrinsic or additional circumstance, the "alleged assignment" would equally apply to any other "note," or single bill held by the assignor against the defendant, or any one else. This lack of reference or identification of the particular single bill, and this want of designation or definition of the interest assigned, is claimed by the appellees to be supplied through the mere mechanical connection of the wafers attaching this paper to the

single bill, a circumstance, we submit, not efficacious in itself, and a connection, so far as we are informed by the proof, that might have been made by some unauthorized person.

It is urged by the appellant, that this necessary identification of this particular single bill, and necessary definement of the interest assigned, not appearing in the "alleged assignment," they can be established, to say the least, only by affirmatively showing that the attachment was made, and this required effect given by the act of some person qualified to do so.

The record shows that the prayer of the defendant was based on the actual testimony in the cause. It will not be denied, that an assignment must be proved as strictly, or as certainly as the instrument assigned, in a case like the present. The assignment contemplated by the law must surely be one that identifies the chose to which it refers, and defines the interest conveyed. All assignments and transfers of property must do this. And if any additional or extrinsic circumstance is necessary to supply this identification and description, or establish the chain of connection between the instruments, (conceding such proof to be admissible,) it must be as positively and expressly proved as the handwriting, or any other essential part of the instrument purporting to be an assignment.

The plaintiff is presumed to be prepared to prove every fact essential to his right to sue and to recover. There was no proof offered to show how the "alleged assignment," in itself incomplete, became attached to the single bill in suit, or that it was attached by the assignor or plaintiff, or by any one or either of them thereto authorized.

The appellant, therefore, submits, that the judgment below should be reversed.

*G. Eichelberger* for the appellee.

All that is required by the 1st section of Article 9 of the Code, to entitle the assignee of the class of instruments therein specified, to maintain suit thereon in his own name, is, that he shall be *bona fide* entitled thereto, by assignment in writing signed by the person authorised to make the same. The evidence in the record shows, that the appellee was in possession of the single bill in question, and that he was entitled thereto by an assignment in writing, signed by the only person authorised to make the same, the payee thereof. It is not necessary that the assignment should be written or endorsed on the single bill itself, but it may be written on any piece of paper, and if annexed, may be annexed by any person, either at or after the assignment was written and signed. There is no direct evidence in the record, as to when or how the assignment in question was annexed to the single bill, whether the paper was first annexed and the assignment written thereon, or the assigment was first written on the paper, and that the annexation then took place. From the evidence contained in the record, the presumption is, that it was annexed at the time of assignment. There being no evidence tending to impeach the assignment, the prayer was calculated to mislead and confuse the jury, and was, therefore, properly rejected. See *Kent vs. Somervell,* 7 *G. & J.,* 265.

GOLDSBOROUGH, J., delivered the opinion of this Court.

Two propositions arise out of the defendant's prayer which was rejected by the Court below, and to the rejection of which the defendant excepted.

1st. That the jury must believe that the assignment of the cause of action was written or endorsed on the single bill, or on the paper on which the bill was written.

2nd. If the assignment was written on a separate piece

of paper, and attached to the single bill, then it must appear that the assignor or assignee attached the paper containing the assignment, at the time of the assignment, or that it was so attached by some person authorized to do so by the assignor or assignee.

The first proposition involves the mode of assignment to secure the right of action to an assignee under the first section of the 9th Article of the Code. This Article and section is a transcript of the Act of 1829, ch. 51, which was passed on by this Court in the case of *Kent vs. Somervell*, 7 *G. & J.*, 271. In that case the Court said, "that Act does not direct, nor is there anything in it requiring that the assignment shall be in writing on the instrument itself; nor does it direct what kind of writing it shall be. All that is required by it is, that it shall be such a writing, signed by the person authorized to make it, as will be sufficient to transfer the *bona fide* title to the instrument."

The condition attached to the latter part of the prayer, that unless the jury find the paper containing the assignment was attached to the bill by Thomas, the assignor, or by the plaintiff *at the time* of the assigment, or by some person authorized by Thomas, or the plaintiff, is equally objectionable in view of the evidence offered by the plaintiff It was proved by him that the assignment was in the handwriting of the assignor, and the single bill and assignment were in the possession of the plaintiff when the action was instituted. This proof was certainly *prima facie* evidence of the assignment, and the *bona fides* of it, without any necessity to prove when the paper containing the assignment was attached to the bill, and threw the *onus* upon the defendant to impeach it. There being no such evidence offered by him; the prayer was properly rejected by the Court.

*Judgment affirmed.*