BRIDGET BUCKLEY, ADM'X OF TIMOTHY BUCKLEY *vs.* MARY BUCKLEY.—*December* 1850.

A bill was filed by a distributee against the administratrix, for her distributive share of the intestate's estate, alleging herself to be one of the *four* children of the deceased. The bill was taken *pro confesso* against the administratrix, and upon the suggestion of the death of one of the four children, intestate and without issue, the estate was decreed to be distributed among the three remaining children. HELD: That this decree was erroneous.

Though one of the children may have died intestate and without issue af-

ter the death of the father, the complainant can only claim one-fourth of the estate from the father's administratrix. Her share of her deceased brother's estate, she must claim from his administrator.

If the father in fact survived the son, the complainant cannot, under a bill which denies this fact, claim to be entitled to the one-third of the estate.

If there were satisfactory proof that there were but *three* children, the complainant cannot contradict her bill which has been taken *pro confesso*.

The decree only directed the share of complainant to be paid to her, and took no notice of the shares that had been awarded to the other distributees. HELD: That this cannot be right.

APPEAL from the equity side of *Baltimore* county court.

The bill in this case was filed by the appellee on the 31st of October 1848, against the appellant as the administratrix of *Timothy Buckley*, deceased, for a distribution of the deceased's estate.

The bill alleges that the said *Timothy* died, in June 1847, intestate, possessed of a large personal estate, and leaving *four* children, viz : *Patrick, Catharine, Mary* the complainant and *Ellen*, all of full age, his distributees. That letters of administration were granted to the appellant who had possessed herself of the estate, and kept and applied it to her own use and had refused to pay to complainant her share thereof. The prayer is for an account and payment to complainant of her share, and also for an order of publication against said *Patrick, Catharine* and *Ellen*, who, the bill alleges, reside in foreign parts.

The order of publication was passed on the 19th of December 1848, against said absent defendants, to appear on or before the 19th of April 1849, to be published once a week for three weeks before the 19th of January 1849. The appellant having been summoned and failing to appear, and having stood out the process of attachment of contempt and proclamation, a decree *pro confesso* was passed on the 31st of January 1849, and the case referred to a special auditor, to state an account from the pleadings and proofs in the cause, and such other proofs as may be adduced to him by the complainant, and to report on or before the 19th of April 1849.

On the 19th of June 1849, the complainant filed a sugges-

tion of *Patrick Buckley's* death, intestate and without issue, and unmarried, since the last continuance of the cause. On the same day the auditor filed his report, with testimony taken touching the death of said *Timothy* and other material matters, and distributing the estate among the appellant, as widow of said *Timothy*, and the three children, *Mary* the complainant, *Catharine* and *Ellen*, (omitting *Patrick*,) and awarding to each one-third of the estate, after deducting the widow's share. The final decree ratifying this report was passed on the 30th of June 1849. This decree adjudges that the bill be taken *pro confesso* against the absent defendants, and orders the account of the auditor to be ratified and confirmed, and the defendant *Bridget*, as administratrix of the deceased, to pay to the complainant the sum awarded to her. From this decree the administratrix appealed.

The cause was argued before SPENCE, MAGRUDER, MARTIN and FRICK, J.

By ROBT. J. BRENT, for the appellant, and
By T. P. SCOTT, for the appellee.

MAGRUDER, J. delivered the opinion of this court.

This appeal is from a decree of *Baltimore* county court, sitting as a court of equity.

The bill was filed by a person, who alleges herself to be one of the *four* children of *Timothy Buckley*, and expressly charges that her father died, leaving four children. It is filed to recover her share of her father's estate; of course one-fourth of what remains in the hands of the administratrix, after paying debts, &c., and deducting the widow's portion.

Now if there were four children when the intestate died, this complainant can claim of the defendant only one-fourth of his estate. *Patrick* may have died immediately after his father, without will or children; the complainant may be one of his distributees, yet her share of his estate, she must recover from his administrator, although there be nothing for

such administrator to do, except to pay funeral expenses, collect from his father's widow his share of the estate, in her hands, and distribute it among his legal representatives.

The allegation is that she is entitled only to one-fourth, and she cannot claim one-third without amending her bill, if perchance she was mistaken when she stated that her brother *Patrick* was not dead when her father died.

Here then is error, whether the father survived the son, or the son survived the father, and is now, or is not now, dead. If the father outlived the son, then the law entitled her to all that she has recovered, but her bill of complaint denies it. Which of them died first is to be ascertained by the complainant, and although there is some evidence in the record taken to prove that the father survived the son, yet it is by no means satisfactory to the court. The complainant suggested the death of the son, and that son's representative has never been made a party to the suit.

It would be difficult for us to tell how these errors are to be corrected, but as the case now stands, it is impossible to affirm or modify the decree.

The complainant gets the court to take her bill *pro confesso*, and now would insist that the bill in a material part of it is untrue. If there was satisfactory proof in the record that there were only *three* children, still, when the bill is taken *pro confesso*, how can she contradict it? Her bill cannot be impeached by her adversary, and surely it cannot be impeached by herself. The case of *West and Hall,* 3 *H. & J., p.* 223, warns us of some of the evils which may result to the complainant sometimes by a decree of this description.

This is a bill against an administratrix, asking a distribution of the intestate's estate, and making all the distributees parties. It was sent to the auditor to take an account of the assets, and he ascertains the sum due to each distributee, yet no notice is taken of the share of each of the other distributees. A decree is passed directing the payment by the administratrix of the supposed share of the complainant, and no payment to the others is directed, although the report which ascertains

what is due to them is confirmed. Indeed they are not even "dismissed hence." This cannot be right.

DECREE REVERSED WITHOUT COSTS, AND
CASE REMANDED.