STATE OF MARYLAND, use of ARMIDA E. LOVE *vs.* BARNEY DILLEY, and others.

*Action on Administration bond—Bill in Equity to Account— Demurrer—Practice in Appellate Court.*

After a bill in equity for an account has been filed against an administrator, and the Court has decreed to assume jurisdiction, and to refer the case to an auditor to state an account between the administrator and the personal estate of his intestate, it becomes the duty of the administrator to account in that Court, and in no other tribunal; and no action at law can be maintained on the administration bond by a distributee, until the case in equity is finally decided.

This Court will not reverse a judgment on a demurrer to a declaration on an administration bond, where the avowed purpose in asking for the reversal is, that when the equity case brought by the same party against the administrator and others, requiring an account from the administrator as such, shall be decided, he may proceed in the action at law by amending his declaration so as to assign new breaches to meet the decision in the equity case.

In deciding such a question, this Court is justified in looking at the whole declaration and every averment and admission contained in any part of it, and is not bound to consider each breach by itself.

State, use of Love *vs.* Dilley, *et al.*

APPEAL from the Circuit Court for Allegany County.

The case is stated in the opinion of the Court. The declaration demurred to contained the four following assignments of breach of the condition of the bond sued on:

And said State, for assigning a breach of said condition of said writing-obligatory, says, that said Barney, as administrator as aforesaid, received and took possession of all the personal property and assets of said Joseph, which remained at the time of his death, and sold the same, and received the money therefor, and also received and took possession of all the notes, bonds, mortgages, judgments, accounts, and other evidences of debts due and owing to said Joseph, and made an inventory of said property, and a list of the said bonds, notes, mortgages, judgments, accounts and other evidences of debts, and returned said inventory and list of debts to the Orphans' Court of Allegany County, together with an account of the sale of said personal property, and has collected the several sums of money mentioned in and shown by said bonds, notes, mortgages, judgments, accounts and other evidences of debt, to be owing to said Joseph at the time of his death, and also the proceeds of said sale so returned; but said Barney, as such administrator, has not accounted for said everal sums of money so shown by said inventory, list of debts and the proceeds of said sale, as he was required to do, according to the condition of said writing-obligatory, but has wholly neglected and refused so to do; and said Barney, as such administrator, has actually, after paying all the funeral expenses, debts and other charges which were properly payable out of the moneys so received, unlawfully appropriated to his own use a large portion of the moneys and property so received by him, and has, without authority and unlawfully, paid to divers other parties, other large portions of said money as received by him, and has thereby wasted the money and assets of said estate which was so received by him as aforesaid, and has hither-

to neglected and refused to account for the same, as required by law to do.

2nd. And for a second breach of said condition, the said State says, that said Barney, as administrator as aforesaid, after receiving all the bonds, notes, mortgages, judgments, accounts and other evidences of debt as aforesaid, neglected and refused to collect the moneys due and owing to said Joseph, as shown thereby, as he should and could have done, and neglected and refused to account for the same as required by law, by means whereof great loss, injury and damage hath been done to said estate, and to all the parties interested therein, and to said Armida E. Love.

3rd. And for a third breach of said condition, the said plaintiff says, that said Armida E. Love and her husband, Eli N. Love (who has since departed this life,) on or about the fifteenth day of June, in the year of our Lord, eighteen hundred and eighty, filed their bill of complaint in the Circuit Court for Allegany County, in equity, against said Barney Dilley, as administrator as aforesaid, and others, and thereby prayed that said Barney, as said administrator, should be required to account for all the money and other property received by him, and the proceeds thereof, and such proceedings were thereupon had that said Court decided and decreed, that it would assume jurisdiction over the settlement of the personal estate of said Dilley, and refer the proceedings to the auditor of said Court, to state an account between said Barney as administrator, and said estate; and such further proceedings were had in said cause, that an order was passed by said Court on the fourth day of January, in the year of our Lord, 1884, requiring said Barney, as such administrator as aforesaid, to bring into said Court all moneys received by him as such administrator, and then remaining in his hands, or which should be so remaining, to be invested or otherwise disposed of by said Court, on or before the nineteenth day of January, in the year 1884, provided

a copy of said petition and order should be served on him on or before the seventh day of January, 1884; and a copy of said petition and order was duly served as so provided, but said Barney, as such administrator, wholly neglected and refused to bring said money into said Court as so required by said order, by means whereof said Armida E. Love was injured and damaged, and has sustained loss.

4th. And for a fourth breach of said condition, the State says, that such other and further proceedings were had in said last aforesaid cause that another and further order was passed by said Court on the seventeenth day of May, 1884, requiring said Barney, as such administrator, to bring into said Court all moneys received by him as such administrator, and which then were in his hands or under his control as such administrator, to abide the further order of said Court, and requiring said Barney, as such administrator, by his report to be made to said Court on or before the second day of June, 1884, to state what assets of every kind were then in his hands, and the nature and character thereof, and when the same came to his hands, and what has been done with the same, and that he should state what assets had come to his hands since he settled his third account in the Orphans' Court of said county, and all other matters related to the assets in his hands belonging to said estate, which had not been reported; provided a copy of said order should be served on him, or one of his solicitors, on or before the twenty-fourth day of May, 1884, and said order was duly served as so required. But said Barney wholly neglected and refused to bring said money into Court, and to report as he was thereby required, by means whereof said Armida was injured and damaged. And said State of Maryland, by reason of said several breaches of said writing-obligatory and the condition thereof, has become entitled to its action against the said defendants, and to demand and have of them the said sum of one hundred thousand dollars, and therefore it brings its suit, &c.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, IRVING, and BRYAN, J.

*J. H. Gordon*, for the appellant.

*R. T. Semmes*, for the appellees.

MILLER, J., delivered the opinion of the Court.

This suit was brought on the 2d of June, 1884, by a distributee of Joseph Dilley, deceased, upon the bond of Barney Dilley, as administrator of that estate. The declaration was filed on the 22nd of August, 1884, and assigns four breaches. To this declaration there was a general demurrer, which the Court below sustained, and hence this appeal hy the plaintiff in the action.

The bond bears date the 29th of March, 1879, and it also appears from the third breach assigned, that the plaintiff and her husband, on or about the 15th of June, 1880, filed a bill in equity in the Circuit Court for Allegany County, against the administrator and others, and thereby prayed that said Barney should be required *to account* for all the money and other property received by him as such administrator, and that such proceedings were had upon that bill that the equity Court decided and decreed that it would assume jurisdiction over the settlement of said personal estate, and refer the proceedings therein to the auditor of that Court to state an account between the said Barney as administrator and the said personal estate. After the equity Court had thus assumed jurisdiction, it became the duty of the administrator to account in that Court and in no other tribunal. If he has so accounted, he has discharged his duty in that respect "according to law," and the only obligation resting upon him is to pay the amount which that Court has ascertained and determined he is liable for to the several parties who are by the decision of that Court entitled to receive it.

Not only, however, does the declaration fail to aver that this amount has been finally determined by the equity Court, but the records of this Court in that case show that this matter is still unsettled, and that the question as to the amount for which the administrator is liable to the several distributees is still undetermined. Upon this state of facts, it is obvious that no substantial recovery can at present be had in an action at law on this bond. When the equity case is finally decided, and the amount of liability thereby ascertained, an action on the bond will undoubtedly lie if the administrator shall fail to pay over the same as the equity Court shall direct. In that event the obligation of the sureties can easily be enforced in an action at law and a substantial recovery had against them.

All this was conceded in argument by counsel on both sides; but counsel for the appellant, while abandoning the third and fourth breaches, insists that the first and second are good, and that under them a recovery for nominal damages can be now had; and he insists upon a reversal of the judgment sustaining the demurrer. His avowed purpose in asking for this reversal is, that when the equity case is decided, he may proceed in the action at law by amending his declaration so as to assign new breaches to meet the decision in the equity case. In other words, all that he seeks to accomplish is to keep this suit on the bond *alive* until the equity case shall be settled, so that the plaintiff may not then be put to the trouble and delay of commencing a new action. But it is plain that the first and second breaches are good only in case there was a default by the administrator in not settling his accounts in the Orphans' Court according to the strict requirements of the testamentary law, *before* the bill in equity was filed. And in view of what is averred in the third and admitted in the fourth, we are of opinion it should have been distinctly and explicitly averred both in the

first and second breaches, that such default occurred before that time. Neither of them contains any such averment. The plaintiff herself instituted the equity case, and was perfectly acquainted with all the proceedings therein, and if, when she brought this action at law, she intended to rely upon these breaches as the basis of a nominal recovery (and she can only rely on them for that purpose,) it was incumbent upon her to deal fairly with the Court, and make the averments necessary to sustain them. As we have said, she avers in the third breach that she filed her bill on the 15th of June, 1880, only about fifteen months after the bond was executed. And in the fourth breach, as we read it, she admits that the administrator had *during that time,* settled three accounts in the Orphans' Court. In deciding a question like the one now before us, presented as it is under peculiar circumstances, and relied on for a peculiar purpose, the Court is justified in looking at the whole declaration and every averment and admission contained in any part of it, and is not bound to consider each breach by itself. Taking this view of the case we are clearly of opinion that the first and second breaches cannot be sustained for the purpose for which they are relied on, and that no requirement of substantial justice demands a reversal of this judgment, and we accordingly affirm it.

*Judgment affirmed.*

(Decided 20th November, 1885.)