STATE, USE OF FRANCISZEK SUSZKO ET AL. *v.* ADELAIDE SWIFT ET AL.

[Nos. 16, 17, January Term, 1936.]

*Decided February 6th, 1936.*

The causes were argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, and SHEHAN, JJ.

*James W. Hughes,* with whom was *Adam S. Gregorius,* for the appellants.

*Joshua Clayton,* submitting on brief, for the appellees.

OFFUTT, J., delivered the opinion of the Court.

Stanley, or Stanislaw, Suszko, late of Cecil County, died intestate in 1921, and letters of administration on his estate were, on the 25th day of February in that year, granted to Adelaide Swift. At his death his only heirs and distributees were two brothers, Franciszek and Wincenty, a sister, Jozefa Kogutiuk, and two children of a deceased brother, Wladyslaw. Subsequently Wincenty died leaving a widow, Marjanna, and five children.

Prior to the grant of letters Adelaide Swift filed in the office of the register of wills of Cecil County a bond, with E. Kirk Brown as surety, in the penalty of $900, conditioned for the faithful performance of her duties as administrator. At some time after that she filed in the same office her "administration and distribution account," wherein it appeared that after the payment of all "debts, taxes and administration expenses," there remained in her hands for distribution $321.30, which she distributed to herself, "wrongfully and falsely" claiming to be the sister and sole surviving distributee of the said Stanley Suszko.

On July 7th, 1931, letters of administration *de bonis non* on the same estate were granted to the same Adelaide Swift, who as a condition precedent to the grant filed in the office of the register of wills of Cecil County a bond in the penalty of $5,000, with the New Amsterdam Casualty Company as surety, conditioned for the faithful performance of her duties as such administrator, and later filed in connection with that administration an administration and distribution account in which it appeared that, after the payment of all debts, taxes, and administration costs chargeable against the estate, there remained in her hands for distribution $3,990.80, which she wrongfully distributed to herself, falsely claiming that she was the sister and sole surviving heir at law of the said Stanley Suszko.

On September 11th, 1933, in the Circuit Court for Cecil County an action on the $900 bond was brought in the name of the State of Maryland, to the use of Franciszek

Suszko and the other next of kin of Stanley Suszko entitled to participate in the distribution of his estate, against Brown and Adelaide Swift, and on January 8th, 1934, the same plaintiffs brought in the same court an action on the $5,000 bond against Adelaide Swift and the New Amsterdam Casualty Company. Demurrers were interposed to amended declarations filed in those cases, and in each of them the demurrer was sustained and judgment thereon entered in favor of the defendants. From those judgments these two appeals were taken. As the questions presented by the two appeals are identical, the two cases have been stated, and will be considered, together.

The decisive question in each case is whether, conceding the facts stated above, the appellants are entitled to maintain an action on the administration bonds to recover their respective shares of the estate of Stanley Suszko.

By their demurrers the appellees have conceded: (1) That all claims against the estate except those of persons entitled to the surplus as next of kin of the intestate (Code, art. 93, secs. 124-126) have been satisfied; (2) that distribution has been made, (3) to Adelaide Swift, (4) upon her representation that she was the only heir at law of the intestate; (5) that such representation was false; and (6) that in truth she was not an heir at law, and not entitled to participate in the distribution of the estate.

It is apparent therefore that these facts do not involve a dispute, such as ordinarily arises between an administrator and one claiming a distributive share of an intestate's estate, over the propriety of an account, the right of the claimant to a share, or the validity of a claim or demand, but present a case in which the administrator has wrongfully and fraudulently used the process of the court, and the powers annexed to her office, to convert to her own use funds of the estate. That such conduct was in violation of the duties of her office, and constituted a breach of the bond, cannot well be considered a debatable question, and there appears to be no

sound reason why one injured by the breach may not maintain an action on the bond to recover losses resulting therefrom.

The appellees, however, suggest that the appellants cannot maintain these actions (1) because there has been no finding in their favor in the orphans' court, and (2) that that court has exclusive original jurisdiction to adjudicate the questions which they present, under Code, art. 93, secs. 243, 245.

Assuming that application could, under those statutes, have been made to the orphans' court, to determine whether the administrator had wrongfully or fraudulently distributed the residue of the estate, remaining after the payment of costs, taxes, and debts, to herself, while such a finding would have been ground for the removal of the administrator, it would not have afforded to the persons lawfully entitled to the estate of the intestate the same relief as an action on the administration bond. And since such a finding in a court of law would be necessary to establish liability on the bond, there is nothing in the constitutional or statutory provisions relating to the powers and functions of orphans' courts, which would require the claimants to twice litigate it, once in the orphans' court and once in a court of law.

There is no analogy between an action on a bond in cases such as these and an action on a trustee's bond, of which Mr. Poe speaks in his work on *Pleading*, sec. 570, because in that case the very basis of the action was the auditor's account, which alone could show the amount due, while here the basis of the action is not affected by the account, which was *ex parte*, but is collateral to and apart from it and the amount due distributee is admitted.

The condition in each of the bonds here in issue "is such that if the said Adelaide Swift well and truly performed the office of administratrix * * * according to law without injury or damage to any person interested in the lawful performance thereof" it is to be void. It is conceded that she did not well and truly perform the duties of her office, and that as a result of her failure

to do so the appellants were injured. There was therefore a breach in the condition of the bond, upon which persons injured by the breach were entitled to maintain an action.

In *State, use of Love, v. Dilley*, 64 Md. 314, 1 A. 612, an action on an administration bond, the plaintiff assigned as a breach that the administrator had "unlawfully appropriated to his own use" funds of the estate. She had previously gone into a court of equity to have the administrator account, and that proceeding was still pending. In that case it was held that, when the amount of liability had been ascertained in the equity court, "an action on the bond would undoubtedly lie"; but until that had been done substantial damages could not be recovered, and that nominal damages could not be recovered because there was no averment that the administrator had not settled his accounts in the orphans' court according to the strict requirements of the testamentary law. In this case there is no dispute as to the amount of the estate which the administrator was required to distribute, because that was fixed by her account, but it is conceded for the purpose of the demurrer that she did not distribute it in accordance with law.

In *Shriver v. State, use of Reister*, 65 Md. 278, 280, 4 A. 679, it was held that an action on an administration bond would lie where an administrator erroneously distributed the whole of an estate to less than the whole number of persons entitled to share in the distribution.

In *Biays v. Roberts*, 68 Md. 510, 13 A. 366, 368, the court, in dealing with an effort of a distributee to collect from the estate of a deceased administrator by means of a bill in equity a sum shown to be due the estate upon which the deceased had administered, by his final account passed in the orphans' court nearly thirty years before, said: "The passage of this final account was a complete settlement of his administration, so far as the orphans' court was concerned. He was not obliged to state a distribution account or make distribution under the supervision of that court, though he could have done so if he had chosen to protect himself and his bond by adopting

that course. The law required him to make distribution, but he could have made it *in pais* without the order of any court if he chose to take the risk of paying the right amount to the right parties. *Conner v. Ogle,* 4 Md.Ch. [425] 450; *Donaldson v. Raborg,* 28 Md. [34] 55. As soon as this final account was passed, the parties entitled to shares of the surplus thereof shown to exist could at once have demanded the same, and if he had refused or neglected to pay, could immediately have brought an action at law against the administrator individually, or have instituted suit upon his administration bond to recover their respective shares. Such suits by parties entitled to distributive shares are of common occurrence in our courts *(Shriver v. State, use of Reister,* 65 Md. [278] 282, 4 A. 679)." See, also, *Coward v. State,* 7 G. & J. 475, 479; 24 *C.J.* 1078; 11 *R.C L.* 310; *Bagby, Excrs. & Admrs.,* 62; *Baker v. Bowie,* 74 Md. 467, 474, 22 A. 133, 134.

In *Crean v. McMahon,* 106 Md. 507, 520, 68 A. 265, 267, the court said in reference to the distinction between the title of a legatee and a distributee taking as next of kin: "It is obvious that the distinction * * * is that inherently existing between the title of a legatee derived from the testator through the will, and that of the next of kin determined solely by the statute of distribution, and evidenced by the order of court ascertaining who answers to that description." That language is not to be taken as meaning that the title of a distributee may not become perfect unless he is designated by name in an order of the orphans' court, but rather that such an order, if passed, would be evidence of the title. For in *Baker v Bowie, supra,* the court, in conformity with the principles announced in the cases just cited, says: "Distribution by an executor or administrator is his act, and is *in pais.* This has frequently been decided in this state. If he cannot satisfy the parties, he may give notice, and invoke the court's aid, and protect himself through the court, and make it a matter of record. This is stated in the case from which we last quoted."

It may therefore be said that, when an administrator has fully completed his administration, and there remains in his hands, after the payment of all debts, costs, and taxes legally chargeable against the estate, a fund for distribution among such persons as are under the statute of distribution entitled to receive it as the next of kin of the intestate, it is his imperative duty to make such distribution promptly (Code, art. 93, sec. 124), and any unreasonable delay or other conduct indicating a purpose of withholding, diverting, or converting to his own use any share which a distributee is entitled under the statute to receive, may be regarded as a breach of his duty as administrator, and for any loss resulting from that breach the distributee may maintain an action at law on the administration bond.

The demurrers in these cases admit that the administrator had in each case such a fund in her hands, it was her duty and not that of the court to ascertain the identity of the persons entitled to receive the funds (*American Agric. Chem. Co. v. Scrimger,* 130 Md. 389, 393, 100 A. 774; *Donaldson v. Raborg,* 28 Md. 34, 56; *Conner v. Ogle,* 4 Md.Ch. 425, 450), and to distribute the funds to them. It is also admitted that, in violation of that duty, she falsely represented that she was entitled to the funds as next of kin and sole distributee, distributed them to herself, and although in one case nearly fifteen years have elapsed since the grant of letters, and in the other more than four years, she still retains the funds, and in consequence the lawful distributees of the estate have been deprived of their shares therein. They were therefore entitled to maintain an action on the administration bonds, and the demurrer to the declaration filed in each case should have been overruled. The judgment entered in each case must therefore be reversed.

> *The judgment in No. 16, January Term of this court, and the judgment in No. 17, of said term, reversed, and said causes remanded for further proceedings, with costs in each case to the appellants.*