STATE, Use of PITTS, Etc. *v.* HAYES et al.

[No. 114, September Term, 1959.]

*Decided January 20, 1960.*

*Motion for rehearing filed and denied February 18, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*David Kimmelman* for the appellant.

*Dallas F. Nicholas,* with whom was *Solomon Baylor* on
the brief, for the appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment for costs entered after the
trial court directed a verdict for the defendants, in an action
by a claimant to distributive shares in intestate estates, to
recover against the administrator and his surety.

Mrs. Cornelius, formerly Irene Pitts, was legally adopted
by Jefferson Pitts and Lillian Pitts on November 7, 1924, at
the age of five, and resided with her adoptive father and
mother at 1122 Argyle Avenue, Baltimore, until she was

nineteen years of age, when she moved to New York. Jefferson Pitts died in 1941, his wife, Lillian Pitts, died in 1944, and a son, Harry Pitts, who continued to live in the leasehold property after his parents' death, died in 1951. Mrs. Cornelius testified she often talked to Harry about the property prior to his death. He told her that he had her adoption papers, as well as other papers, in a box which was to be turned over to her in the event of his death. However, when she came to the funeral no one knew anything about a box. She understood that her cousin, Edward Baylor, was going to settle the estate, but she never heard from him, and a letter she wrote him was returned. Some years later, she consulted counsel.

Meanwhile, in 1952, Edward Baylor had consulted counsel, who found that there had been no administration on the estates of Jefferson Pitts, or Lillian Pitts, or Harry Pitts. Title to the leasehold property was in the name of Jefferson Pitts. The appellee, Hayes, an attorney, took out letters of administration on all three estates. Baylor did not disclose to counsel that there was an adopted daughter. He did not deny that he knew Mrs. Cornelius had lived in the home and been considered a member of the family, or that he had notified her, at her New York address, of Harry's death. But he denied that he ever knew she was legally adopted. The leasehold property was sold and there was a distribution in the Jefferson Pitts estate of the whole proceeds of sale to the estate of his wife Lillian; a distribution in the Lillian Pitts estate of the whole balance to the estate of the son, Harry; and commissions allowed upon those amounts. There was a further distribution of the whole balance to Baylor and other cousins. Only in the case of the last distribution did the administrator give the notice to distributees authorized by Code (1957), Art. 93, sec. 160.

It seems to be conceded that an action at law will lie against an administrator and his surety, if he distributes to the wrong persons, unless he avails himself of the protection afforded by the statute. See *State v. Swift,* 170 Md. 104, and cases cited. Cf. *Garrett v. Kerney,* 107 Md. 501, and *American Etc. Comm. v. Eisenberg,* 194 Md. 203, 207. The trial court

took the view that since the money distributed in the Harry Pitts estate was "the same money that was involved in the Jefferson Pitts and Lillian Pitts estates," the administrator was protected. We do not agree. Upon the death intestate of Jefferson Pitts, his widow and his two children each became entitled to one-third of the surplus of his personal estate, and upon the death intestate of Lillian, her two children each became entitled to one-half of her surplus estate. Upon Harry's death, intestate, his sister Irene became entitled to the whole of his estate, to the exclusion of the cousins. It was not improper to distribute Harry's share through the two prior estates. Cf. 3 Woerner, *American Law of Administration*, § 565 p. 1932 (3d ed. 1923); *Buckley, Adm'x of Buckley v. Buckley,* 9 Gill 497, 499. However, so far as the proceeds of the sale of the leasehold property in the name of Jefferson Pitts is concerned, the estate of Harry Pitts was ultimately entitled to only one-half thereof. We think the administrator cannot claim the protection of the statute as to the one-half to which Irene was ultimately entitled from her parents' estates, merely because the administrator improperly treated her share as a part of Harry's estate. But the publication as against Irene was sufficient to protect the administrator as to the other one-half. The trial court erred in directing a verdict in favor of the defendants as to the whole estate, and for this reason the judgment must be reversed and the case remanded for a new trial as to the one-half interest of Irene passing under her parents' estates. In the instant case, there was no motion for directed verdict by the plaintiff, nor were there any requests for instructions as to the liability of the administrator for diminution of Irene's share by the charging of commissions or overpayment of taxes, or as to his liability for interest. We leave these questions open.

> *Judgment reversed and case remanded for further proceedings, costs to be paid one-half each by the appellant and appellees.*