Turner, Adm'r of Wilder *vs.* Egerton.—*December*, 1829.

An action at law cannot be maintained to recover back a payment in money, made by an administrator to the guardian of a distributee of his intestate. The remedy is in Equity.

Appeal from *Saint Mary's* County Court. This was an action of *assumpsit*, brought by the appellant against the appellee, who was guardian of *E. Egerton*. The declaration contained a count, for matters and articles properly chargeable in account, the money counts, and a count on an *insimul computassent*. Plea *non assumpsit* and issue.

The facts of this were similar to those of the preceding case, with the addition here that the guardian, the defendant, had received a payment in money from *Wilder*, as administrator of *James Egerton*, on account of his ward, who was a distributee of *James Egerton*.

The defendant prayed the court to instruct the jury, that the plaintiff was not entitled to recover for the following reasons: first, that the plaintiff had proved that the payment to the guardian was in specific property, negroes, &c.; as in the receipt specified, and therefore he could not support this action upon the pleadings against the defendant for the recovery of the money, which instruction the court gave, the plaintiff excepted. And the verdict and judgment being against him, he appealed to the Court of Appeals.

The case was argued before BUCHANAN, Ch. J., EARLE and DORSEY, J.

*Stonestreet* for the appellant.

*C. Dorsey* for the appellee.

BUCHANAN, Ch. J., delivered the opinion of the Court.

This case does not materially differ from that just decided, between the same plaintiff and *Ann Egerton*, and must be governed by the same principles. There the supposed proportion of the personal *assets* of the deceased was delivered over to the distributee in specific property, and in this case the administrator settled up with the guardian of one of the children of his intestate, for the proportion to which the ward was supposed to be entitled as a distributee, and the two suits were brought to recover back proportionate parts of the same debt due by the intestate, which the administrator was compelled to pay, by a recovery against him at law, after he had made distribution of the assets.

The evidence of the settlement with the guardian is a receipt, by which it appears that he received a part of his wards supposed proportion of the estate in money, and the residue in

specific property. And there being in the declaration in this case, a *count* for money had and received, it was urged in argument, that under that count, the plaintiff would be entitled to recover on account of the money paid to the guardian, which it was supposed distinguished it from the other case, where no money was paid to the distributee, but specific property only delivered over.

But there is no foundation for such a distinction. If where an executor or administrator has delivered over specific articles of property to a distributee, and is afterwards made to pay debts due by the deceased, the law will not raise an *assumpsit,* on which an action can be maintained against the distributee for money *paid ;* there is no reason, why an action at law for money *had and received,* should be sustained, where money has been paid to a distributee in lieu of the specific articles of property.

The inconvenience and mischief to distributees would be the same in both cases, and the reasons why a court of law should not entertain an action, but the party be put to seek his remedy in Chancery, apply as well to one case as the other. *In Johnson vs. Johnson,* 3 *Bos. and Pull.* 169, it is treated as settled, that if an executor thinking he has paid off the debts of his testator, pays the legacies, he cannot maintain an action in a court of common law, for money had and received against a legatee, but must seek his remedy in equity. The same principle applies to the case of a distributee; and the circumstance that in this case the money was paid to the guardian of the distributee, and not to the distributee himself, can make no difference.

**JUDGMENT AFFIRMED.**