THOMAS COWARD *et al vs.* THE STATE *use of* THOMAS WORREL *et ux.*—*June,* 1836, *E. S.*

It is the duty of executors and administrators, to pay creditors within thirteen months from the date of their letters, and any surplus then remaining should be divided among the distributees according to law.

In an action by a distributee, commenced on the 28th of April, 1831, upon an administration bond dated 23d March, 1830, a motion in arrest of judgment after verdict for the plaintiff was overruled, and the action held to be properly brought.

By the 10th section of the 10th sub. ch. of the act of 1798, ch. 101, it is made the duty of executors and administrators, to distribute the surplus among the representatives, if it appear by the first account that all the debts of the deceased have been paid.

APPEAL from *Talbot* county court.

This was an action of *debt,* commenced on the 28th April, 1831, by the appellee against *Thomas Coward, Daniel Martin*

and *Edward Martin*. Pending the action, *Daniel Martin* died. The plaintiff declared upon the bond of *Thomas Coward*, (with *Daniel and Edward*, as his sureties) dated 23*d* March, 1830, in the penalty of $10,000, conditioned to perform the office of administrator of *Thomas Coward*, late of said county, deceased. The defendants pleaded general performance by *Thomas Coward*.

The plaintiffs replied, that the said *Thomas*, as administrator, &c. did not make a true and perfect inventory of all, &c. together with a list of the debts, sperate and desperate of, &c. which came, &c. and the same so made, did not exhibit to the Registry of the Orphans' Court of, &c. within the time prescribed by law, and the same goods and chattels, &c. and other goods and chattels, &c. of, &c. which did come to the hands, &c. did not well and truly administer according to law, to wit, &c. That the next of kin, and only representatives of the said deceased, were two children, that is, &c. the said *Thomas Coward*, and *Nancy*, wife of *Thomas Worrel*, at whose request, &c. That the residue of the personal estate of, &c. in the hands, &c. of the said *Thomas*, (the just debts and funeral charges of the said captain *Thomas Coward*, together with all legal costs and charges of administration being first deducted,) amounted on the 23d March, 1831, at, &c. unto the sum of $10,500; the sum of $500, part thereof, payable in negroes; the sum of $2,000, part thereof, payable in horses, cattle, sheep, &c. furniture, farming utensils, wheat, &c; the sum of $3,000, part thereof, in bills, bonds, and notes, and a few accounts due to the deceased in his life time, from the following persons, &c; and the sum of $5,000, residue of the said sum of $10,500, payable in current money; and the said *State* avers, that the part or share of the said *Thomas Worrel* and *Nancy* his wife, of the aforesaid $10,500, then and there, amounted to the sum of $5,250, the said sum payable as before mentioned; and the replication then concluded with the usual request, and refusal of payment.

*Rejoinder*—This plea after setting forth a debt due on a

bill, obligatory from the deceased intestate, to *Thomas Coward* his administrator, and which the latter averred, he had assigned in writing to one *Hamilton Graham*, the principal and interest of which remaining due, and unpaid on the 23d March, 1831, amounted to $4,590 88, then proceeded to deny the matter of the replication, and further set forth, that he, the said *Thomas Coward*, had fully administered all the goods, &c. except the sum of $4,358 98, not sufficient to pay said bill obligatory of the deceased.

The plaintiff sur-rejoined, that the bill obligatory, was not the deed of *Thomas Coward* the deceased; denied the residue of the rejoinder, and tendered an issue to the country, in which the defendants joined.

The jury found that the bill obligatory, was not the bond of the deceased intestate, and assessed the plaintiff's damages at $2,696 69, whereupon the defendant, moved in arrest of judgment, and assigned the following reasons:

1. Because at the time of the impetration of the writ, the said *Thomas Worrel* and wife, had no cause of action against the defendants.

2. Because the bond on which this action is founded, is dated on the 23d March, 1830, and the original writ issued forth on the 28th April, 1831.

3. Because no suit can by law, be instituted or prosecuted on any administration, or testamentary bond, by any legatee, representative, or distributee, until fifteen months after the date of letters testamentary, or of administration; and this suit was instituted before the expiration of fifteen months from the date of the letters of administration, all of which appears from the pleadings.

4. For other manifest errors in the proceedings.

But the county court, (HOPPER, and ECCLESTON, A. J.) overruled the motion, and rendered judgment for the plaintiff. The defendants appealed.

The cause was argued before BUCHANAN, Ch. J. STEPHEN, ARCHER, DORSEY, and SPENCE, Judges.

Coward *vs.* Worrell.—1836.

LOCKERMAN for the appellant, cited :

4 *Bac. Abr.* 73 *Tit. Ex'rs. Let. J.* 1715, ch. 39, sec. 4. 1718, ch. 5.   1798, ch. 101, sub ch. 8, sec. 1, 8, 9, sub ch. 10, sec. 7.   *Cro. Chas.* 574.   *Hob.* 199.   1 *Ventris,* 310.   2 *Burr.* 115. 3 *Wil.* 275.

CARMICHAEL also for the appellant, cited :

1 *Bac. Abr.* 666,   *Plow.* 172, 173.   1 *Cro. Elez.* 14. 3 *Saun.* 179, 180.   *Salk.* 662.   *Carth.* 114.   *Yelverton,* 70. *Towson vs. Havre de Grace Bank,* 6 *Harr. and John.* 53.

H. D. EVANS for the appellee, cited :

Act 1715, ch. 39.   1718, ch. 5.   1798, ch. 101, sub ch. 11, sec. 1, 16, sub ch. 8, sec. 7, 14.   *Gwynn vs. Dorsey Admr. of Howard,* 4 *Gill and John.* 462.   *Steph. on Plea.* 68, 69. *Story Plea.* 117, 119.   *Chirac vs. Reinicker,* 11 *Wheat.* 302. 2 *Wil. Saun.* 67. *note* (*c.*)

J. L. KERR also for appellee, cited :

3 *Bac. Abr.* 75.   Act of 1718, ch. 5.   1798, ch. 101, sub ch. 8, sec. 14, sub. ch. 10, sec. 10.   11 *Peters,* 491, 493.   1 *Chitty Plea.* 435.   1 *Com. Dig.* 98.   2 *Harr. Ent.* 290, 288. 289.   2 *Wm. Black,* 1120.   4 *Peters,* 495.

CARMICHAEL in reply, cited :

*Statute of distributions Chas.* 2.   Act of 1715, ch. 39.   1718, ch. 5.   *Dep'y Com. Guide,* 120.   1798, ch. 101, sub ch. 3. sec. 11, sub ch. 6, sec. 6, sub ch. 6, sec. 13, sub ch. 8, sec. 1, 3, 13, 14, sub ch. 11, sec. 1, sub ch. 10, sec. 1, sub ch. 15, sec. 8.   1818, ch. 217, *Mann vs. State use Thomas,* 3 *Harr. and John.* 237.   5 *Bac. Abr.* 156. *Showers,* 147.   *Bishop vs. Hayward,* 4 *Term Rep.* 470.   *Towson vs. Havre de Grace Bank,* 6 *Harr. and John.* 47.

ARCHER, Judge, delivered the opinion of the court.

After a careful examination of the acts of Assembly in relation to the duties and obligations of executors and admi-

nistrators, in regard to the distribution of estates ; we have brought our minds to the conclusion, that it is their duty within *thirteen* months to pay the creditors ; and any surplus they may have on hand after the lapse of that time, to divide among the distributees according to law.

The act of 1798, ch. 101, sub ch. 8, sec. 14, makes it their duty within thirteen months to pay the creditors ; and the 15 sec. of the same sub chapter declares, that if they have distributed as thereinafter directed, (that is, if they have paid over to the distributees, as directed by sub ch. 10, sec. 10, and sub ch. 11. sec. 1,) they shall not thereafter be liable to any creditor of the estate for a debt not known or notified to them, if they have given the notice required by sub ch. 8, sec. 13.

It is declared by sub ch. 11, sec. 1, at what time they are to distribute among the representatives. This is announced to be when the debts are paid ; and we have seen the debts are to be paid within thirteen months. But it is said, the executor has fifteen months to settle his final account, and therefore it is urged the bond is not forfeited until the lapse of fifteen months.

It was proper, a time should be limited for rendering a final account, that all interested in the estate might see the particulars of its adjustment ; and that the executor should close his trust with the tribunal before whom the law had directed him to account. But this cannot control his prior responsibility to the distributees, more than it could to the creditors. Even if it appear by the first account of the executor, that all the debts are paid, by sub ch. 10, sec. 10, it is made his duty to distribute among the representatives. Such first account might be passed before the lapse of fifteen months, and in such a case the responsibility would be clear, and just as certain as that which would arise in relation to the creditors, if he failed to distribute among them within thirteen months. Can the withholding the passage of such final account exempt him from responsibility until the lapse of fifteen months ? we think not. We think his duty is clear

and well defined by a just construction of sub ch. 8, sec. 15, and sub ch. 11, sec. 1, to make distribution among the representatives whenever the debts are paid. This is to be accomplished within thirteen months. And here the suit was after the lapse of that time. Besides the pleadings in this case set up no debt due, except one which the verdict declares has no existence.

JUDGMENT AFFIRMED.