(Decided 2nd July, 1873.)

---

STATE OF MARYLAND, use of MARY VIRGINIA THOMPSON, by CHARLES S. THOMPSON, her husband and next friend, *vs.* ELIZA JANE WILSON, WILLIAM W. WILSON, MASON L. WEEMS, and others.

*Right of Action on the Bond of an Executrix, for the Non-payment of a Pecuniary Legacy—Practice.*

A testator bequeathed to his daughter the sum of a thousand dollars, which was made payable generally out of the assets of his estate, without contingency or limitation as to the time of payment. He appointed his wife his executrix, and letters testamentary were duly granted to her, and she gave bond, dated the 10th of September, 1866, for the faithful performance of her duties as such executrix. The legacy so bequeathed not having been paid, on the 30th of September, 1872, an action was brought, for the use of the

State, use of Thompson, *vs.* Wilson, *et al.*

legatee, on the bond of the executrix. The breach of the bond assigned in the declaration was, that notwithstanding the executrix had sufficient assets, she had failed to pay the legacy, so bequeathed, to the party for whose use the action was brought. On demurrer to the declaration, it was HELD:

1st. That by the failure of the executrix to pay the legacy, after the lapse of thirteen months, the bond was forfeited, and the right to maintain an action thereon in respect of the breach complained of, was clear and undoubted.

2nd. That it was not necessary that a previous order of the Orphans' Court should have been obtained, to authorize a suit on the bond; nor was it necessary, to entitle the plaintiff to sue, that she should allege that the estate had been fully administered, or that a final account had been settled in the Orphans' Court; provided the legacy had become payable by the lapse of time within which the estate ought to have been settled.

APPEAL from the Court of Common Pleas.

This was an action of debt on the testamentary bond of the appellee, Eliza Jane Wilson, given as executrix of her deceased husband, William John Philips. The appellant, the plaintiff below, declared:

For that William John Philips died on or about the twenty-seventh day of August, in the year eighteen hundred and sixty-six, in the city of Baltimore, and he left a last will and testament, duly proved and admitted to probate, and of record in the office of the Register of Wills of Baltimore city, whereby he did give and bequeath unto his daughter, Mary Virginia, the plaintiff in this action, the sum of one thousand dollars, and did by said will appoint his wife, the defendant, who is since married to the defendant, William W. Wilson, executrix of his said will, and letters of administration were duly granted to her by the Orphans' Court of Baltimore city, and she gave a certain bond, commonly called an "administration bond," as executrix as aforesaid, and with the other defendants, Mason L. Weems, and William B. Kirwin and Henry G. Hazen as sureties, which is signed and sealed by her and the said sureties, and is to the Court here shown, and is filed with this declaration, and whose

date is the tenth day of September, in the year eighteen hundred and sixty-six, whereby the said Eliza Jane Wilson, (then Philips,) and the said Mason L. Weems, and William B. Kirwin and Henry G. Hazen bound themselves, and their heirs, executors and administrators, unto the State of Maryland, in the sum of twelve thousand dollars, to be paid to the said State.

And the said bond was conditioned for the faithful performance by the said Eliza Jane of her duties as executrix of said William John Philips; nevertheless the said Eliza Jane did not faithfully fulfil her duties as executrix as aforesaid, and the plaintiff shows wherein she did not fulfil her said duties, namely, that on the eighth day of November, in the year eighteen hundred and sixty-seven, the said Eliza Jane was, as executrix as aforesaid, possessed of assets of the personal estate of her said husband, William John Philips, sufficient to pay said legacy of one thousand dollars to said Mary Virginia; nevertheless she did not do so, although requested, and has not, at any time since, paid said legacy, or any part thereof, to said Mary Virginia, or to any person for her, or any part thereof, although requested so to pay; whereby the said Mary Virginia became and was and is entitled to have paid to her, by the defendants, the said sum of one thousand dollars, with interest from the said eighth day of November, in the year eighteen hundred and sixty-seven. And the plaintiff claims therefor two thousand dollars, ($2,000.)

With the declaration was filed a copy of the testamentary bond.

The defendants demurred to the declaration, and assigned the following reasons in support of the demurrer:

First. Because the declaration doth not sufficiently disclose whereof the said defendants are liable at law.

Second. Because it doth not allege or disclose in what lawful respect the said plaintiff seeks to maintain said

State, use of Thompson, *vs.* Wilson, *et al.*

proceeding against Eliza Jane Wilson as executrix therein.

Third. Because it doth not allege or disclose that the matter whereof the said plaintiff claims is specific, assented to by said named executrix, and that the alleged interest therein or thereto of said plaintiff had become vested.

Fourth. Because it doth not allege or disclose that the said plaintiff had, before the institution of this suit, acquired the lawful right to prosecute in this action the alleged administration bond.

The Court, (GAREY, J.,) sustained the demurrer, and a judgment of non-suit was entered. The plaintiff appealed.

The cause was argued before BARTOL, C. J., STEWART, GRASON and ALVEY, J.

*Edward Otis Hinkley*, for the appellant

Suit on an administration bond, given in the name of the State, may be brought by anybody interested, without leave of the Orphans' Court first obtained. *Code, Art. 93, secs. 75, 102, 106, 110, 119*; *State, use of Mayor, &c. of Baltimore vs. Norwood et al.*, 12 *Md.*, 177.

The jurisdiction in chancery, on suits for legacies, is not exclusive of that at law on the bond. *Code, Art. 93, secs. 75, 102, 106, 110, 119*; *Coward vs. Worrell*, 7 *G. & J.*, 475; *Morgan vs. Slade*, 2 *H. & J.*, 38; *Mann vs. The State*, 3 *H. & J.*, 237; *Downes vs. The State*, 3 *H. & J.*, 239; *Blakeman vs. Sherwood*, 32 *Conn.*, 324; *Colt vs. Colt*, 32 *Conn.*, 422; *State vs. Boyd*, 2 *G. & J.*, 373; *Charlotte Hall School vs. Greenwell*, 4 *G. & J.*, 409; *Barnes & Ferguson vs. Compton*, 8 *Gill*, 391, 397, 398; *Budd vs. The State, use of Posey*, 22 *Md.*, 49; *Harrison vs. Harrison*, 22 *Md.*, 469.

State, use of Thompson, *vs.* Wilson, *et al.*

*E. Swinney*, for the appellees.

The basis of this action being for the recovery of a pecuniary legacy, payable out of the general funds of the testator, the demurrer was rightfully sustained; first, because the declaration failed to aver that a full or final account of the administration had been made; for until then, according to *Lowe vs. Lowe*, 6 *Md.*, 354, payment of legacies cannot be demanded or made. Secondly, it is not competent for a legatee to maintain an action at law against an executor for the recovery of a pecuniary legacy payable out of the general assets. *Kent vs. Somervell*, 7 *G. & J.*, 265.

ALVEY, J., delivered the opinion of the Court.

It can hardly be a question at this day, in this State, whether an action at law can be maintained on an administrator's or executor's bond, for the non-payment of a legacy, whether pecuniary, payable out of the general assets of the estate, or otherwise. The condition of the bond is, that the executor or administrator, as the case may be, shall well and truly perform the duties of his office, according to law, without any injury or damage to any person interested in the faithful discharge of such duties. *Code, Art.* 93, *sec.* 49. It is the duty of the executor, within thirteen months, to pay the creditors of the estate; and any surplus he may have on hand after the lapse of that time, he should pay out to legatees or distributees. *Coward vs. Worrell*, 7 *Gill & John.*, 475.

In this case, the bond in suit was given on the 10th day of September, 1866, and the action was brought on the 30th of September, 1872; more than six years from the date of the bond. The legacy sued for is made payable generally out of the assets of the estate, without contingency, or limitation as to time of payment. The breach of the bond assigned is, that, notwithstanding the executrix had sufficient assets, she had failed to pay the

legacy of one thousand dollars, bequeathed by the testator to the party for whose use the action is brought. By the failure to pay this legacy, after the lapse of thirteen months, the bond was forfeited, and the right to maintain an action on it in respect of the breach complained of, is too well established to admit of a doubt. This is abundantly shown, if authorities were needed, by cases cited by the counsel for the appellant, and to those cited, several others could be added.

It is by no means necessary, as seems to have been supposed, that a previous order of the Orphans' Court should have been obtained, to authorize suit to be brought on the bond; nor is it at all necessary that the plaintiff should allege that the estate has been fully administered, or that a final account has been settled in the Orphans' Court, to entitle her to sue; provided the legacy had become payable by the lapse of time within which the estate ought to have been settled. If any legal excuse exists for the non-payment of the legacy, such as the exhaustion of the assets in the payment of the proper debts of the estate, or the insufficiency of the assets to pay legacies, in due course of administration, such excuse or justification of non-payment should be pleaded by the defendant.

What was said by the Court of Appeals in the case of *Kent vs. Somervell,* 7 *Gill & John.,* 265, and which has been much relied on by the appellees, has no application to this case whatever. That was not an action on an executor's bond, nor was it against an executor in his representative character; but, in the course of the opinion in that case, it was said that, as a general principle, an action at law will not lie against an executor to recover a pecuniary legacy payable out of the general funds of the testator, upon the mere assent of the executor to the bequest, on the ground that the law raises no implied promise by the executor to pay the legacy upon proof *only* of his admission of assets. This is certainly

State, use of Thompson, vs. Wilson, et al.

true; but the present action is not against the executrix for the recovery of the legacy, but is an action of debt upon her official bond, founded upon a breach of duty imposed by law, to secure the performance of which the bond was given. It became the duty of the executrix to pay the legacy, and her failure to do so, occasioned the breach of the condition of the bond, whereby the penalty became forfeited. The recovery in the action will be for the penalty of the bond, to be released on payment of such damages as may be assessed in respect of the particular breach assigned; (Code, Art. 75, sec. 63,) and the legacy due, with such interest as may have accrued thereon, will be the measure of damages which the plaintiff will be entitled to have assessed.

The breach assigned in the declaration appearing to be sufficient to give the plaintiff a right of action upon the bond, the Court below was in error in sustaining the demurrer thereto by the defendants, and, consequently, the judgment must be reversed, and the cause remanded that the defendants may have liberty to plead.

*Judgment reversed*
*and cause remanded.*

(Decided 2nd July, 1873.)