MARY ELIZABETH COATES, by her husband and next friend, J. ARMSTRONG COATES *vs.* J. ALFRED MACKIE and ARTHUR A. MACKIE, Administrators of JOHN MACKIE, deceased.

*When an Action at Law will not lie for a Legacy.*

An action at law will not lie for a legacy, against the administrator of an executor, where the latter has wasted, or converted to his own use, the assets of his testator; the remedy is by a proceeding in equity.

APPEAL from the Circuit Court for Cecil County.

This action was brought by the appellant against the appellees. The declaration alleged substantially, that Mary Mackie, by her will bequeathed to the plaintiff, Mary Elizabeth Coates, then Mary Elizabeth Mackie, the sum of two hundred dollars ; that John Mackie was constituted and appointed the executor of said will, and as such executor, took possession of all the goods, chattels, money and effects of his testator, together with the said sum of two hundred dollars ; that the said John Mackie failed to pay the said sum of money, although often requested so to do, but on the contrary, converted the same to his own use ; that the said John Mackie died intestate, and letters of administration upon his estate, were duly granted to the defendants, who refused to pay the plaintiff the amount bequeathed to her as aforesaid. The defendants demurred to the declaration. The demurrer was ruled good, and judgment was entered for the defendants for costs. The plaintiff appealed.

The cause was submitted on briefs to BARTOL, C. J., STEWART, GRASON, MILLER, ALVEY and ROBINSON, J.

*Albert Constable*, for the appellant.

*Alexander Evans*, for the appellees.

GRASON, J., delivered the opinion of the Court.

The main question presented by the demurrer in this case is, whether an action *at law* will lie for a legacy against the administrator of an executor, where the latter has wasted or converted to his own use, the assets of his testator? Although an action at law may be maintained for a legacy where the executor has assented to the legacy, or promised to pay it, or upon the administration bond after the lapse of thirteen months from the date of the grant of letters testamentary, yet in all other cases a general pecuniary legacy can only be recovered by a proceeding in equity. *Decks vs. Strutt*, 5 *Term Rep.*, 690; *Kent vs. Somervill*, 7 *G. & J.*, 268; *State, use of Thompson vs. Wilson*, 38 *Md.*, 343; *Turner, Adm'r of Wilder vs. Egerton*, 1 *G. & J.*, 434; *Williams on Executors*, 1932, 1933. It is not alleged in the declaration in this case, nor is there any proof that the executor ever assented to the legacy claimed. But it is contended that this action can be maintained by force of the Statutes of 30 Charles II, chap. VII, and 4 and 5 William and Mary, chap. XXIV, which were held to be in force in this State, by the decision of this Court in *Sibley vs. Williams*, 3 *G. & J.*, 52. The first of those Statutes is entitled, "An Act to enable creditors to recover their debts of the executors and administrators of executors in their own wrong," and it enacts "that all and every the executors and administrators of any person or persons, who as executor or executors in his or their own wrong, or administrators, shall from and after the first day of August next ensuing, waste or convert any goods, chattels, estate or assets of any person deceased, to their own use, shall be liable and chargeable in the same manner, as their testator or intestate would have been if they had been living." By the 4th and 5th

Coates *vs.* Mackie and Mackie, Adm'rs.

William and Mary, the foregoing Statute was continued in force, and its provisions extended to *rightful* executors and administrators of deceased executors and administrators, as well as to executors and administrators in their own wrong, against which latter class alone, the remedies provided by the Statute of 30 Charles II, were limited. Before the enactment of these Statutes, creditors of a deceased party had no remedy against the executors or administrators of deceased executors or administrators, where the latter had wasted or converted the assets of their testators or intestates. These Statutes provided remedies for *creditors*, by which they might be able to recover their *debts*, and did not extend to *legatees*. But even if they did, the Statute of Charles only empowers them to proceed against executors and administrators of deceased executors and administrators *in the same manner* as they could have proceeded against the latter, if *they had been living*. We have shown that such an action as this could not have been maintained against John Mackie, the original executor, for the reason that there is no proof that he ever assented to the legacy in this case, or promised to pay it. Alexander, in his British Statutes, states in a note at page 586, that the remedies provided by the above mentioned Statutes, extend to legatees and next of kin as well as to creditors The case of *Sibley vs. Williams*, 3 *G. & J.*, 52, to which he refers does not so decide ; nor have we after a very careful examination of the books, been able to find any case in which it has been ever so held ; and as the Statutes themselves apply in terms to *creditors* alone, we conclude that Mr Alexander has fallen into error, in supposing that the provisions of these Statutes extend to *legatees*.

Finding no error in the ruling of the Circuit Court upon the demurrer, the judgment appealed from will be affirmed.

*Judgment affirmed.*