(Decided 15th March, 1888.)

JAMES P. BIAYS, administrator of JANE C. BIAYS *vs.*
JOSEPH K. ROBERTS, administrator c. t. a. of JOHN
H. T. MAGRUDER.

*General Demurrer — Limitations — Orphans' Court — Final*
*account by Administrator—Distribution—Suit against Ad-*
*ministrator or his Administration bond by Distributees—*
*Trust—Ignorance of Fact.*

The defence of limitations may be availed of under a general demurrer,
where from the face of the bill it can be seen that the bar applies,
and where no facts are stated sufficient to relieve it from the
operation of the Statute.

The passage of a final account by an administrator, showing a balance
in his hands for distribution, is a complete settlement of his ad-
ministration so far as the Orphans' Court is concerned.   He is not
bound to state a distribution account, or make distribution under
the supervision of that Court, though he may do so, if he choose,
to protect himself and his bond by adopting that course.

He may make the distribution *in pais*, without the order of any Court
if he choose to take the risk of paying the right amount to the right
parties.

As soon as the final account of an administrator is passed, the parties
entitled to shares of the surplus thereof shown to exist, can at once
demand the same, and on his refusal or neglect to pay, can im-
mediately bring an action at law against the administrator indi-
vidually, or institute suit upon his administration bond, to recover
their respective shares; and limitations run as to such suits from
the date of the account.

After the estate has been settled by the passage of a final account, whatever may have been the case before, there is no such express, subsisting, and continuing trust relation between the administrator and the distributee, as will relieve a Court of equity from the duty of following and obeying the law by applying the statutory limitation of time.

The mere fact that the distributee of a deceased person was not aware that the deceased had left any considerable personal estate over and above his debts, and died in ignorance of the fact that she had any substantial interest therein, is wholly inadequate to prevent the operation of the Statute.

APPEAL from the Circuit Court for Prince George's County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*William L. Marbury,* and *A. H. Robertson,* for the appellant.

*William Stanley,* for the appellee.

MILLER, J., delivered the opinion of the Court.

This appeal is from a decree sustaining a demurrer to a bill in equity and dismissing the same. One of the grounds relied on in support of the decree is limitations, and this Court has recently decided that this defence may be availed of under a general demurrer, where from the face of the bill it can be seen that the bar applies, and where no facts are stated sufficient to relieve it from the operation of the Statute. *Bell vs. Bowie,* 65 *Md.,* 355.

The case made by the bill (which was filed on the 6th of January, 1887,) and the accompanying exhibits is a very simple one, and may be stated thus: The late Judge Alexander C. Magruder died in 1853 intestate, leaving

as his heirs-at-law and distributees, two sons, John H. T. Magruder, and Philip A. Magruder who has since died intestate, without issue, and unmarried, and two daughters, Mrs. Biays who was then a widow and remained such until her death in 1878, and Mrs. Scott then a married woman whose husband has since died. Letters of administration on his personal estate were granted soon after his death, to his son John H. T. Magruder, who, in August, 1858, passed in the Orphans' Court his *first* and *final* account showing a balance due the estate of $5997.17. The administrator died in 1886, leaving a will by which he gave all his property to his wife, and upon the renunciation of the executors therein named, letters *c. t. a.* were granted to Joseph K. Roberts who is made the sole defendant to the bill. After the death of Mrs. Biays, her son, the complainant, administered upon her estate, and more than seven years thereafter filed this bill in his own behalf, and in behalf of all the other distributees of his grandfather's estate, who may come in and contribute to the expenses of the suit, the only other possible distributees being Mrs. Scott who is not joined as complainant, and the personal representative of the deceased administrator who is the defendant. In addition to these facts the bill charges that after passing this final account, the administrator took no further proceedings in the Orphans' Court, and never distributed any part of the $5997.17 to any of the distributees, except the sum of $600 to Mrs. Scott, and that the balance was still due and owing by him to such distributees at the time of his death; that Mrs. Biays, the mother of complainant, was not aware that her father had left any considerable personal estate, and was always led to believe that there would be nothing of any consequence for distribution when the estate should be settled up, and she therefore never pressed her brother, the administrator, for any account or settlement of her distributive share, and died in ignorance of the fact that she had any substantial interest in her father's personal estate.

Upon these facts and charges the complainant says he is advised that he is entitled to have the *personal estate of the deceased administrator* administered in a *Court of equity,* so as to secure the distributees of the intestate on whose estate he had administered ; and to the end—that the personal estate of the deceased administrator may be adjudged and declared to be held by Roberts, his adminstrator *c. t. a. in trust for the use and benefit of such distributees,* he prays the Court, 1st, to assume jurisdiction over the estate of the deceased administrator, and to administer the same according to the interests of the parties entitled ; 2nd, that Roberts may be required to file an account of all property in his hands as administrator *c. t. a.* of John H. T. Magruder, and to account for the estate of Judge Magruder that came into the hands of said John II. T. Magruder as his administrator ; 3rd, that a receiver may be appointed to take possession, hold and dispose of said property under the direction of this Court, and that Roberts may be required to hand over the same to such receiver ; and 4th, to grant him general relief.

From this statement of the case it would seem to be nothing less than an effort, by a distributee to collect from the estate of a deceased administrator, by means of a bill in equity, his distributive share of a sum shown to be due the estate upon which the deceased had administered, by his *final* account passed in the Orphans' Court nearly *thirty years ago.* The passage of this final account was a complete settlement of his administration so far as the Orphans' Court was concerned. He was not obliged to state a distribution account or make distribution under the supervision of that Court, though he could have done so if he had chosen to protect himself and his bond by adopting that course. The law required him to make distribution, but he could have made it *in pais* without the order of any Court, if he chose to take the risk of paying the right amount to the right parties. *Conner vs. Ogle,*

4 *Md. Ch. Dec.*, 450; *Donaldson vs. Raborg*, 28 *Md.*, 55. As soon as this final account was passed the parties entitled to shares of the surplus thereby shown to exist, could at once have demanded the same, and if he had refused or neglected to pay, could immediately have brought an action at law against the administrator individually, or have instituted suit upon his administration bond to recover their respective shares. Such suits by parties entitled to distributive shares are of common occurrence in our Courts, (*Shriver & Dwyer vs. State, use of Reister*, 65 *Md.*, 282,) and as to them there can be no question, but that limitations run from the date of such an account. But it is said that between an administrator and a distributee a trust-relation exists, which prevents the operation of the Statute in a suit in equity by the latter against the former. We are clearly of opinion, however, that after the estate has been settled by the passage of a final account, whatever may have been the case before, there is no such express, subsisting and continuing trust as will relieve a Court of equity from the duty of following and obeying the law by applying the statutory limitation of time. *Weaver vs. Leiman*, 52 *Md.*, 713. The present case is altogether unlike those of *Donaldson vs. Raborg* reported in 26 *Md.*, 312, and 28 *Md.*, 34. The appeals in those cases were from orders of the Orphans' Court, and the administration had not been completed by a final account when the administrator died. In the first case application was made under *sec.* 72, *Art.* 93 of the Code, by the administrator *d. b. n.* to compel the executor of the deceased administrator to pay over to him the money stated to be due the estate by the second account of the deceased administrator, as unadministered assets, and in the second, application was made under *sec.* 11 of the same Article, by the administrator *d. b. n.* for an order directing the executor to render an account of the assets received and the payments made by his testator. What was said in those

cases as to limitations not barring those applications is wholly inapplicable to a case like the present.

Nor do we find anything stated in the bill that ought to prevent the running of the Statute. Mrs. Biays was *sui juris* when this final account was passed, and so continued up to her death, a period of twenty years; and during all this time her brother, the administrator, was living, and did not die till eight years thereafter, and seven years after his nephew, the complainant, had administered upon his mother's estate. The bill does not charge that the administrator practiced any fraud upon his sister, Mrs. Biays, or that *he* led her to believe that there would be nothing of consequence for distribution; and the mere fact that she was not aware that her father had left any considerable personal estate over and above his debts, and died in ignorance of the fact that she had any substantial interest therein, is wholly inadequate to prevent the operation of the Statute. This final account was, during all this period, spread upon the records of the Orphans' Court open to the inspection of every one interested in the estate.

Being of opinion then that this bill is barred by limitations, we refrain from discussing or deciding the question whether a Court of equity has any jurisdiction in such a case.

*Decree affirmed.*

(Decided 15th March, 1888.)