# GEORGE H. CLARKE ᴇᴛ ᴀʟ., EXECUTORS, *vs.* CHRISTINE SANDROCK.

*Evidence to Show Personal Identity of Legatee—When Distribution of Part of an Estate Should be Made in the Orphans' Court Before Passage of Final Account—Retention of Money to Await Settlement of Claims Against the Estate.*

It is not necessary that the identity of a legatee or distributee of an estate should be established by his personal appearance in the Orphans' Court, but his identity may be shown by evidence *aliunde.*

A testatrix gave the residue of her estate to "my niece Christine * * * in Germany." The only claimant under this bequest presented to the Orphans' Court, by an attorney in fact, her own affidavit, duly made in Germany, and that of a relation of the testatrix, also there made, showing that she was a niece of the testatrix and the only niece of her whose name was Christine, and also the testimony in that Court of a person who had been acquainted with the testatrix and with her relatives in Germany to the same effect. *Held,* that this evidence sufficiently establishes the identity of the legatee, and an order of the Orphans' Court directing distribution to be made to her passed after notice to claimants would protect the executors as against any other claimant.

The Orphans' Court has the right to order distribution to be made of part of an estate before the passing of a final account making provision for the discharge of all liabilities.

When executors have stated three accounts, each showing a large balance over all ascertained debts of the estate, but refuse to make distribution to a residuary legatee until certain claims against the estate which are disputed by the legatee be disposed of, the Orphans' Court should order an account to be stated in which a sum sufficient to meet the disputed claims

should be retained by the executors and the balance distributed to the legatee.

Code, Art. 93, secs. 105 and 106, provide that the administrator may retain in his hands such sum to meet the amount of any claim which he thinks it his duty to dispute or reject as the Orphans' Court shall allow. This provision is applicable in a case where the distributee of the estate contests claims against it which the executor or administrator does not dispute.

*Decided June 22nd, 1910.*

Appeal from the Orphans' Court of Baltimore County.

The cause was submitted to the Court on briefs by:

*Elmer J. Cook,* for the appellants.

*D. G. McIntosh,* for the appellee.

PEARCE, J., delivered the opinion of the Court.

This appeal is from an order of the Orphans' Court of Baltimore County passed in pursuance of section 143 of Article 93 of the Code of Public General Laws, ordering and directing the appellants, executors of Caroline W. Schaffer, deceased, to pay and distribute the net residue of the estate of said Caroline W. Schaffer, to the appellee, Christine Sandrock, as sole distributee thereof.

The record does not contain a copy of the will of Caroline W. Schaffer, but it does appear from the petition of the appellee, and also from the petition of the appellants filed August 4th, 1909, that the testatrix "gave and bequeathed all the rest and residue of her property, real and personal to her niece Christine ————, in Germany."

Two questions are raised in the record: 1st, as to the identity of the niece Christine; and 2nd, whether under the circumstances of this case, distribution can be properly

ordered before the passage of a final account, and these will be considered in the order stated.

1st. The niece is described in the will merely by her baptismal name, as "my niece Christine ———, in Germany."

She alleged in her second petition, filed October 19th, 1909, that "she is the legatee and devisee referred to in said will of Caroline W. Schaffer, and the only niece in Germany called Christine or Christina, and was at the time of the execution of said will, and at the decease of said testatrix, the only niece of said testatrix in Germany called or known as Christine or Christina, and this petition is verified by her own affidavit made October 6th, 1909, before a Royal Prussian Notary of Westphalia and City of Hoerde, where the petitioner resides, and it is further verified by the affidavit of Mrs. Louise Fricke, also of said city, made on the same day before the same officer, in which she deposed as follows:

"That she is a niece of Miss Caroline W. Schaffer, who died at Hamilton, in Baltimore County, in State of Maryland, United States of America on November 4th, 1907, leaving a last will dated October 10th, 1907, duly probated by the Orphans' Court of Baltimore County, wherein she bequeathed the residue of her estate to her niece Christine, in Germany; that at and about the time of the execution of said last will, and at and about the time of the decease of the said Caroline W. Schaffer, the said testatrix had only one niece living in Germany who was called and known by the name of Christine or Christina, and that said niece is the sister of this deponent, Mrs. Christine Sandrock, nee Herbold, now residing in the city of Hoerde."

On October 19th, 1909, that being a day appointed by an order of the Orphans' Court of Baltimore County warning all persons claiming to be interested as distributees or legatees in the estate of Caroline W. Schaffer, to appear in person or by attorney to present their claims, the petitioner

Christine Sandrock, appeared by her attorney in fact, Frederick T. Schnider, and by her counsel, and the executors appeared by their counsel, and Conrad Sandrock was sworn and testified in open Court as a witness for the petitioner.

He testified that he is a farmer, living since 1881 in Lorraine County, Ohio, before which time he lived in Germany with his brother Henry Sandrock, in the city of Hoerde from 1874 to 1881; that his said brother married Christina Herbold, daughter of Adam Herbold, and his wife, who was a sister of Caroline Schaffer who lived in Hamilton, Baltimore County, Maryland; that he personally knew Caroline Schaffer and visited her at her home in April, 1907; that he knew Mrs. Herbold, Christine's mother, and her name was Jean; that he was in Germany in 1905 and that he knew three, and only three nieces of Caroline Schaffer, viz, his sister-in-law, Christina and her sister Louisa Fricke, and a cousin of theirs named Hannah, who lived near Cassel in the province of Hessia.

Upon cross-examination by the counsel of the executors, he testified that there was no other relative of Caroline Schaffer by the name of Christine, and in answer to a direct question whether he absolutely knew this, he said he did.

The Court by its order declared that the petitioner had proved to its satisfaction "that she is a niece of said Caroline W. Schaffer, deceased, and is *the* niece of said deceased named, designated and described as 'my niece Christine in Germany,' in the last will and testament of Caroline W. Schaffer probated and of record in this Court," and thereupon ordered the distribution above mentioned. The evidence produced we think, was ample to warrant the conclusion of the Court, no other claimant appearing, though the relatives of the decedent were aware of the situation, but the appellants object that in the absence of her personal appearance there was no legally sufficient evidence of her identity as residuary legatee under the will. If she had personally appeared it is difficult to understand how this would

have strengthened the evidence upon that point. Neither
the executors, nor the Court would have been any wiser in
that regard, and all that Conrad Sandrock could have said
more, would be to say "this is Christine, the only niece of
Caroline Schaffer, who lives in Germany." Her existence,
and the fact that she was the only niece of that name in Ger-
many, was already fully established, and that was all that
was required to warrant distribution to her *at the proper
time.* The statute which authorizes the procedure taken,
expressly allows appearance by guardian, solicitor or agent,
as was emphasized by this Court in *Garrett* v. *Kerney,* 107
Md. 501. To require personal appearance as the only method
of proving the identity of a distributee, would, in cases of
foreign or remote claimants without ample means, be a de-
nial of all relief, and distribution made under the order
passed in this case, would, *so far as the petitioner's identity
is concerned,* constitute full and absolute protection to the
executors against any other claimant if made before appeal
prayed.

2nd. As to the absolute necessity in this case for the pass-
ing of a strictly final account before ordering distribution.

In the appellee's supplementary brief it is declared that
she is chiefly concerned "that there be an adjudication of
her claim as distributee which will enable her to have a stand-
ing in Court to litigate the claims of the executors and pro-
tect the residue of the estate; that this is all that was con-
templated under the terms of the order and that the payment
of the net residue was to be in the future."

The appellants rely in support of this appeal upon the
case of *Lowe* v. *Lowe,* 6 Md. 354, in which it was said: "We
think they (the Orphans' Courts) have no power to order
an executor or administrator to pay legacies *or to make dis-
tribution* until a final account *in regard to debts* has been
passed." But that language must be taken in connection
with all that is said in the opinion, and with reference to the
facts of that case.

In that case the Court said "the executrix exhibited her first and final account, *but that account was not passed.*" * * * "Without the inventory or any evidence to show the appraised value of the various specific legacies mentioned in the will, how is it possible for us to ascertain that there are sufficient assets, exclusive of the specific legacies, to satisfy the debts and costs of administration? For want of sufficient information in the record as to the true condition of the estate we do not feel authorized to say the Orphans' Court erred in refusing to order the executrix to deliver to the appellant the personal property claimed by him under the will and codicil of his father."

These extracts from that case are sufficient to show that the Court did not mean to say that the passage of a complete and literal final account was a jurisdictional prerequisite to the ordering of any distribution, and only meant to say that *under* the circumstances of that case they did not feel authorized to say the Court erred in refusing the order sought.

The record in the case is a peculiar record being made up largely of petitions by the contestants, without formal answers thereto, though several of the petitions of the appellants might be regarded rather as answers to the petitions of the appellee, and orders of Court passed thereon, but it clearly appears from the petitions of the appellee, and the failure of the appellants in their counter petitions to deny any of the appellee's averments as to the condition of the estate, that three administration accounts had been passed; the first on November 10, 1908, showing the payment of all debts then known and proved and a balance of $4,755.46 in hand; the second on May 5th, 1909, showing a balance of $10,885.49; and a third account on October 13th, 1909, showing a balance of $14,882.54 in hand.

It further appears in the same manner that on November 11th, 1909, the appellants exhibited to the appellee's attorney a further account prepared for passage, but not passed, in which several claims were included, aggregating between

$2,000. and $3,000., which are disputed by the appellee, and that the appellants refused to consent to any distribution unless that account allowing said disputed claims was passed concurrently with an order for distribution thereunder.

It also fully appears from the petition of the appellants themselves, filed August 4th, 1909, that the only reason for delaying distribution was their doubt as to the identity of Christine Sandrock as the residuary legatee, and for that reason *they* asked that a day be appointed as provided by section 142 of Art. 98 of the Code for the purpose of making distribution under the order of the Court. Testimony has been taken under that petition, the appellants participating and cross-examining the witness produced to establish the petitioner's identity, and themselves producing no opposing testimony, and the Orphans' Court has declared her to be the true residuary legatee, and has ordered distribution accordingly. It cannot be held that there is any similitude between the facts of this case and those of *Lowe* v. *Lowe, supra.* In the latter, no account whatever had been passed; there was a total absence of any information as to the assets and liabilities of the estate; the executors had never admitted their readiness for distribution, and the Court had refused the order sought by the legatee. Here, three accounts have been passed, each showing a large increasing balance over all ascertained debts; the executors have themselves put on record their readiness for distribution, by asking that a day be appointed therefor; they have taken part in the proceedings to establish the identity of the residuary legatee; and are unable to contradict or throw a shadow of doubt upon the testimony which the Court has declared ample to satisfy it of that fact; and finally the executors have offered to make distribution if certain claims, only produced after the taking of the testimony, are allowed, in an account prepared for passage after the taking of the testimony, though disputed by the appellee.

We are not concerned as to the merits of these disputed claims, which could not be inquired into in this proceeding, but we think this case comes within the reason and purpose of sec. 118 of Art. 93 of the Code, which is as follows:

"When all debts of an intestate exhibited and proved or notified and not barred shall have been discharged or settled, or allowed to be retained as herein directed, the administrator shall proceed to make distribution as follows." Secs. 105 and 106 of Art. 93 provide that an administrator may retain in his hands such sum to meet the amount of any claim which he thinks it his duty to dispute or reject, as the Orphans' Court shall allow, and that if more than enough be allowed, he shall afterwards account for it. We think a fair and just construction of these sections require that their protection should be extended to distributees who are contesting claims which the executors decline to contest, especially where, as in this case, a large proportion of the disputed claims are claims of the two executors themselves. It does not certainly appear from the record whether the disputed claims above mentioned were known to the Court when the order appealed from was passed, ordering the distribution to the appellee of the net residue of the estate of Caroline W. Schaffer, and if that order were affirmed as it now stands, it might be understood as referring to the net residue as shown by the third administration account, being the last account passed at the date of said order, which does not allow the executors to retain the amounts of the disputed claims. The proper course in the situation in which this case now is will be to remand the case without affirming or reversing the order appealed from, but with directions to the Orphans' Court to require the prompt statement by the executors of an additional account, in which they shall be allowed to retain such sums as the Orphans' Court shall think necessary to meet the amount of every claim disputed by the appellee, together with all proper interest thereon, and such further sum as said Court shall think reasonable and proper to cover the cost of

litigating said claims and reasonable counsel fees to be determined by said Court to said executors; and upon the passage of such account, the said Court to order and direct said executors to pay and distribute the net residue of said estate, so to be ascertained and determined, to the appellee as sole distributee thereof; and it will be so ordered.

> *Cause. remanded without affirming or reversing the order below, for further proceedings in conformity with this opinion, costs to be allowed out of the estate in the account directed to be passed.*