# SUPERIOR COURT OF BALTIMORE CITY.

Filed November 14, 1919.

MARY S. RUPPERSBERGER
VS.
GEORGE KOEHLER.

*Benjamin L. Freeny* for plaintiff.
*George J. Kessler* for defendant.

BOND, J.—

The objection seems, after all, to be one to a distribution by the administratrix to the proper next of kin, but without having listed the note in the list of debts or in the account. There need be no accounting of distribution made in any case. Blays vs. Roberts, 68 Md. 510. But Article 93, Secs. 1, &c., and 205 do require that all assets be listed in an inventory and list of debts, and accounted for in an account. My

recollection of the testimony is that the note was not included in either, but was simply distributed to the distributees as so much cash. The plaintiff's counsel urges that this item of assets was duly accounted for as cash. That may be correct, but I did not so understand the testimony.

The sections of the Code just cited do not expressly invalidate a distribution without the required listing, and it is only by reason of Section 284 of Article 93 that the defendant argues that title did not pass.

Section 284 attaches such effect to an attempted "sale" by a personal representative. And if the transaction involved in this case should be a sale, then the plaintiff has no title. In the Fuhrman case, 115 Md. 436, the Court of Appeals suggested a question whether distribution to the proper relative of the decedent would come within the Section, page 439, and left it undecided as the title was good in either event. After study of the question I have concluded that the action of the administratrix here was not a sale within the meaning of Section 284. The ordinary meaning of the word sale would seem to exclude it.

My conclusion is, therefore, that Section 284 does not affect title in such a transaction as that here involved. And I do not know of any other reason for holding it invalid.

The motion for a new trial is overruled.