STATE, USE OF OLGA CZYZOWICZ ET AL. *v.* E. KIRK BROWN ET AL.

[No. 15, January Term, 1936.]

98

*Decided February 6th, 1936.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, and SHEHAN, JJ.

*James W. Hughes,* with whom was *Adam S. Gregorius* on the brief, for the appellants.

*Joshua Clayton,* submitting on brief, for the appellees.

OFFUTT, J., delivered the opinion of the Court.

This appeal is from a judgment on demurrer in favor of the defendants entered in the Circuit Court for Cecil County, in an action brought on an administration bond in the name of the State of Maryland, to the use of Olga Czyzowicz, infant, and Marja Czyzowicz, against E. Kirk Brown and the New Amsterdam Casualty Company, a

body corporate. The plaintiffs in their amended declaration state that on or about May 31st, 1921, letters of administration *c. t. a.* were issued to Brown on the estate of Joseph Ortynsky; that as a condition precedent to his qualification as such administrator Brown filed with the register of wills of that county an administration bond in the penalty of $35,000, with the New Amsterdam Casualty Company as surety; that Ortynsky, the testator, in his will directed that legacies of $1,000 each were to be paid to his nieces; that Olga and Marja are nieces of the testator and children of his sister Mary; that the administrator filed his administration and distribution account in the office of the said register of wills on or about December 1st, 1924, in which it appeared that, after the payment of all debts, administration expenses, taxes, and prior legacies, there remained in his hands for distribution a sufficient residue to pay the legacies bequeathed to Olga and Marja; that he omitted their names from the administration and distribution account; that he paid $600 on account of the legacy payable to Marja, but, although demand was made therefor, has refused to pay the balance of the legacy payable to her or any part of the legacy payable to Olga.

The question presented by the appeal is whether upon those facts the equitable plaintiffs may bring an action at law on the administration bond.

The demurrer concedes that they are nieces of the testator; that all debts, taxes, and administration expenses have been paid; that, after the payment of such debts, taxes, costs, and all prior legacies, there remains in the possession of the administrator *c. t. a.* funds of the estate sufficient to pay the legacies of the equitable plaintiffs; that, under the will, a legacy of $1,000 was bequeathed to each of them; that demand has been made upon the administrator to pay those legacies; that he has refused to pay the same; and that now over eleven years after his final account they remain unpaid.

From the very nature of his office it is the duty of an administrator or an executor to collect and take into his

possession all goods and chattels to which the testator or intestate was entitled at the time of his death *(Woerner, Law of Administration,* sec. 321), and, from the funds resulting from such collections, to pay the administration expenses, taxes, and debts chargeable against the estate, and distribute the surplus then remaining among those entitled thereto as directed by the will, if there is a will, or, in the case of intestacy, among those entitled thereto under the statutes of distribution. Code, art. 93, sec. 124; *Woerner, Law of Administration,* sec. 178.

Inasmuch as the will, where there is one, or the statute, if there is no will, controls and directs the distribution, the administrator or executor, as the case may be, may, after all debts, costs, and taxes are paid, distribute the residue of the estate to the legatee or distributees, without an order of court *(Woerner, Law of Administration,* secs. 519, 566, pp. 1937, 1938; *Crean v. McMahon,* 106 Md. 507, 68 A. 265; *Biays v. Roberts,* 68 Md. 510, 513, 13 A. 366), and, if the distribution is to the proper persons and in the proper amounts, he is protected, but, where he elects to make distribution without an order of court, he proceeds at his own risk *(Id.),* and, where there is any doubt as to the identity of the distributee or legatee, the risk may be important. There is, however, a statute (Code, art. 93, sec. 148), which furnishes a simple and adequate method of ascertaining the identity of distributees and legatees and the share which each may be entitled to receive, which ordinarily affords to him complete protection, if he complies with the condition prescribed by it as precedent to that protection. *Shriver v. State, use of Reister,* 65 Md. 278, 283, 4 A. 679; *Bagby, Md. Law of Executors & Administrators,* sec. 112. That statute is obviously for the protection of the representative, and he may invoke it or not as he elects, but in any event the duty of ascertaining who the legatees are rests upon him, not upon the court. *Bagby, Md. Law of Executors & Administrators,* p. 175; *American Agric. Chemical Co. v. Scrimger,* 130 Md. 393, 100 A. 774, *L.R.A.* 1917F, 394; *Conner v. Ogle,* 4 Md.Ch. 425, 450.

There is nothing in the statute which should prevent an executor or administrator, desiring to avail himself of its protection, from fully administering and distributing the estate committed to his charge within the time limited by the statute (Code, art. 93, sec. 103), which limitation, it may be said, is in no sense an excuse for delay in filing an account, but a restriction upon the time which may be properly taken for the complete administration of the estate. *Conner v. Ogle, supra.*

In this case it appears (1) that the final administration account was not filed until more than three years and six months had elapsed after the grant of letters; (2) that more than twelve years elapsed from the grant of letters to the institution of this suit; (3) that during that period the administrator had in his possession funds sufficient to pay the claims of the equitable plaintiff; and (4) that repeated demands have been made upon him for the payment of those claims. He had therefore time and opportunity to ascertain in the manner prescribed by the statute who the legatees named in the will were (Code, art 93, sec. 148), and to make final distribution of the estate as the law (Code, art. 93, sec. 103) required him to do. *Coward v. State,* 7 G. & J. 475, 479. It does not appear that he at any time called a meeting of the legatees and distributees of the estate, or attempted to follow the procedure provided by Code, art. 93, sec. 148, nor is it necessary that that should appear. There is nothing in our testamentary system which requires that distribution shall be made in the orphans' court, nor is there any express command that the provisions of that statute must be followed *(Donaldson v. Raborg,* 28 Md. 34, 55), and, since it is for the protection of the personal representative, if compliance with its terms is relied upon as a bar to the claim of one purporting to be a legatee, it should be asserted as a defense rather than as a part of the plaintiff's case. Upon the facts stated in the declaration, therefore, the conclusion seems inevitable that the administrator has continuously over a long period of time failed to discharge the duties which the law imposed upon him in

respect to paying the legacies bequeathed to the children of Mary, the sister of the testator.

It appears to be settled law that a legatee cannot obtain a complete title to his legacy unless the executor assents thereto, *(Woerner, Law of Administration,* sec. 453), but such assent may be inferred from the fact that the executor or administrator *c. t. a.* has in a final account shown that all debts of the estate and costs of administration have been paid, and that he holds in his hands a fund for distribution to legatees. *Sloan v. Sloan,* 117 Md. 141, 150, 83 A. 38, 41. In the case last cited it is said: "The assent of the executor is for his own protection, against liability to the extent of the assets, for the debts of the testator *(Clarke v. Sandrock,* 113 Md. 426, 77 A. 644), and an admission that the estate in hand is subject to distribution is an admission that all debts are paid, and a practical assent to the bequest." *Bagby, Md. Law of Executors & Administrators,* p. 62; *Biays v. Roberts,* 68 Md. 510, 13 A. 366; 24 *C.J.* 568; *Woerner, Law of Administration,* p. 1548. That conclusion would seem to be a natural consequence of the nature of the duties and functions of such an officer. It is not for him, of course, to question the will of the testator in disposing of his estate, and his assent is not required for any such purpose, but to protect him to the extent of the assets against liability to creditors of the estate. *Sloan v. Sloan, supra.* So, when it appears either from his own admissions, or from the lapse of time, that he holds for distribution a fund under the will to legatees, and that there is no possibility of claims or demands against that fund by creditors of the estate, his only duty is to pay it over to the legatees entitled to receive it, and it may be inferred that he has assented to such payment because there would in such a case be no reason for withholding his assent. In that situation the legatee may bring an action at law on the administration bond to recover his legacy. *Bagby, Md. Law of Excrs. & Admrs.,* p. 62; *Sloan v. Sloan, supra; Biays v. Roberts, supra; Coates v. Mackie,* 43 Md. 127, 128; *Coward v. State,* 7 G. & J. 475, 479; *Lark v. Linstead,* 2

Md. Ch. 162, 163; *State v. Wilson*, 38 Md. 338, 344; *Matthews v. Targarona*, 104 Md. 442, 454, 65 A. 60; *Crean v. McMahon*, 106 Md. 507, 518, 68 A. 265.

In *Coates v. Mackie, supra,* it was said: "Although an action at law may be maintained for a legacy where the executor has assented to the legacy, or promised to pay it, or upon the administration bond after the lapse of thirteen months from the date of the grant of letters testamentary, yet in all other cases a general pecuniary legacy can only be recovered by a proceeding in equity. *Decks v. Strutt,* 5 Term, 690; *Kent v. Somervell,* 7 G. & J. [265] 268; *State v. Wilson,* 38 Md. [338] 343; *Turner v. Egerton,* 1 G. & J. 434; *Williams on Executors,* 1932, 1933." In *State v. Wilson, supra,* the court said much the same thing in this statement of the rule: "In this case, the bond in suit was given on the 10th day of September, 1866, and the action was brought on the 30th of September 1872; more than six years from the date of the bond. The legacy sued for is made payable generally out of the assets of the estate, without contingency, or limitation as to time of payment. The breach of the bond assigned is, that, notwithstanding the executrix had sufficient assets, she had failed to pay the legacy of one thousand dollars, bequeathed by the testator to the party for whose use the action is brought. By the failure to pay this legacy, after the lapse of thirteen months, the bond was forfeited, and the right to maintain an action on it, in respect of the breach complained of, is too well established to admit of a doubt. This is abundantly shown, if authorities were needed, by cases cited by the counsel for the appellant, and to those cited several others could be added. It is by no means necessary, as seems to have been supposed, that a previous order of the orphans' court should have been obtained, to authorize suit to be brought on the bond; nor is it at all necessary that the plaintiff should allege that the estate has been fully administered, or that a final account has been settled in the orphans' court, to entitle her to sue; provided the legacy had become payable by the lapse of time within which the estate

ought to have been settled. If any legal excuse exists for the non-payment of the legacy, such as the exhaustion of the assets in the payment of the proper debts of the estate, or the insufficiency of the assets to pay legacies, in due course of administration, such excuse or justification of non-payment should be pleaded by the defendant."

In this case it appears that, after the payment of all debts, taxes, and costs chargeable against the estate, there remained a fund for the payment of legacies, that the administrator has actually paid all legacies prior to those in issue here, partly paid the legacy of one of the equitable plaintiff's and now has in his hands sufficient funds to fully pay both legacies, and that, although more than fourteen years have elapsed since the grant of letters to him, he has satisfied neither legacy.

Applying the principles announced in the cases cited, it follows that the legatees were entitled to maintain an action on the administration bond, and that the demurrer to the declaration should have been overruled. The judgment of the trial court must therefore be reversed, and the case remanded for further proceedings.

*Judgment reversed, and case remanded for further proceedings, with costs to the appellants.*